(96 South. 141)

DAVIS, Director General of Railroads, v. DUNLAP. (6 Div. 880.)

(Supreme Court of Alabama. April 19, 1923.)

Negligence ⬠111(1) — Complaint held to charge railroad with negligence in maintaining declivity adjacent to street.

A complaint by the owner of an automobile damaged by falling over a declivity in a street where it terminated adjacent to a railroad right of way, averring negligence on the part of the railroad in maintaining the dangerous conditions without barriers or signals and that as a proximate consequence of such negligence plaintiff's automobile was caused to fall without the chauffeur's fault, *held* sufficient to charge negligence causing the injury.

Appeal from Circuit Court, Jefferson County; J. J. Curtis, Special Judge.

Action by F. S. Dunlap against James C. Davis, Director General of Railroads. Judgment for plaintiff and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Count 2, upon which the cause was tried, reads:

"2. Plaintiff claims of the defendant the other and further sum of $397.80, with interest from March 6, 1919, as damages, for that heretofore, to wit, on the 6th day of March, 1919, the defendant's predecessor, Walker D. Hines, Director General of Railroads, was in charge and control of the right of way of the Central of Georgia Railway Company at that certain point in the city of Birmingham where the said right of way is contiguous or adjacent to North Forty-First street in said city, and of the pitfall, precipice, or declivity which was then, and had for many years prior thereto existed, on said right of way at said point in such close proximity to the said thoroughfare or property, which was then and had for a long time been used as a thoroughfare, as to render travel thereon dangerous to any one using the same in the nighttime, and was operating trains upon and over said right of way at said point at frequent intervals, in plain view of said precipice, pitfall, or declivity, and of the adjacent street or highway; that the defendant's predecessor so negligently conducted himself in that regard and in failing to erect a barrier, obstruction, danger signal, or other warning or notice to prevent persons using the said highway from falling over the said pitfall, precipice, or decliv-

ity, that as a proximate consequence of such negligence, on the night of ·the said 6th day of March, 1919, while plaintiff's automobile was being driven on and over said thoroughfare or property used as a thoroughfare, by plaintiff's chauffeur, Pete Grief, said automobile was caused to fall over said precipice, pitfall, or declivity, without the fault of the plaintiff's said chauffeur, and damaged so it had to be repaired at the cost of $397.80."

The seventh and eighth grounds of demurrer are as follows:

"(7) For that it is not shown in what manner the defendant was guilty of· any negligence proximately causing plaintiff's damage.

"(8) For that it'is not averred that the cut in the railroad was the proximate cause of plaintiff's damage."

Nesbit & Sadler and J. M. Gillespy, Jr., all of Birmingham, for appellant.

The continuing of a nuisance, by omitting to reform it, is' a mere nonfeasance; and where the continuance implies no action, no suit can be maintained, unless the party owning the property has notice or knowledge of the hurtful tendency of the nuisance, or be requested to abate it. Lamb v. Roberts, 196 Ala. 679, 72 South. 309, L. R. A. 1916F, 1018; Crommelin v. Coxe, 30 Ala. 318, 68 Am. Dec. 120; Loftin v. McLemore, 1 Stew. 133. Where liability of defendant depends on notice, such notice is of the gist of the action, and should be specially averred. Lawson v. Townes, Oliver & Co., 2 Ala. 373; Pennedock's Case, Coke's Rep. 5, post, p. 101; Pierson v. Glean, 14 N. J. Law, 36, 25 Am. Dec. 497.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

The allegations of the complaint defining defendant's duty were sufficient. Lewy Art. Co. v. Agricola, 169 Ala. 60, 53 South. 145; Crogan v. Schiele, 53 Conn. 186; 1 Atl. 899, 5 Atl. 673, 55 Am. Rep. 88; McAdory v. L. & N. R. Co., 109 Ala. 636, 19 South. 905; Norwich v. Breed, 30 Conn. 535; Beck v. Carter, 6 Hun (N. Y.) 607; Young v. Harvey, 16 Ind. 314; Leach v. Bush, 57 Ala. 145. And the breach of duty was sufficiently stated. M. & M. Ry. v. Crenshaw, 65 Ala. 569; Hall v. Posey, 79 Ala. 90; L. & N. R. Co. v. Jones, 83 Ala. 381, 3 South. 902; L. & N. R. Co. v. Markee, 103 Ala. 168, 15 South. 511, 49 Am. St. Rep. 21; L. &·N. R. Co. v. Jones, 130 Ala. ·470, 30 South. 586.

ANDERSON, C. J. As we view count 2 of the complaint, it is not for the creation or maintenance of a nuisance, but is for negligence on the part of the defendant in allowing or permitting a dangerous condition to exist contiguous or adjacent to its right of way, which negligence consisted in the maintenance of conditions without providing a barrier or signal at the point of danger; that is, the declivity in the street where it terminated adjacent to its right of way. Whether or not the count sufficiently sets out facts from which a duty springs to provide guards or signals by this defendant at the point in question, we are not called upon to decide, for the reason that such of the grounds of demurrer as may have raised this point are not argued or insisted upon in brief of counsel. The count avers that these conditions existed for years, and the defendant could have been guilty of negligence for a failure to discover the danger and remedy same as well as a failure to do so after notice; and we do not think that knowledge on the part of the defendant was essential to the charge of negligence. We think that the count meets the seventh ground of demurrer, even if the negligence could not have been averred in general terms, as it in effect charges that the negligence consisted in maintaining. the cut or right of way without placing guards or signals at the declivity adjacent thereto. It also shows that the maintenance of the cut or right of way in this unguarded condition was the proximate cause of the injury, thereby meeting· the defendant's eighth ground of demurrer.

As the count was not subject to any of the grounds of demurrer that have been argued and as the agreed statement of facts supports the material averments of the complaint, the judgment of the circuit court must be affirmed, which is accordingly done.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.