**William C. HATFIELD, Appellant,**

v.

**SEABOARD AIR LINE RAILROAD COMPANY, Appellee.**

**SEABOARD AIR LINE RAILROAD COMPANY, Appellant,**

v.

**William C. HATFIELD, Appellee.**
**No. 24063.**

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

**722**

George S. Brown, Birmingham, Ala., for appellant.

Drayton T. Scott, Birmingham, Ala., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

SUTTLE, District Judge:

This case presents the question of whether a jury verdict finding the appellee-cross-appellant (Seaboard) liable to the appellant-cross-appellee (Hatfield) for injuries sustained by Hatfield as a proximate result of Seaboard's negligence but assessing damages at $1.00 can stand in the face of uncontroverted evidence of substantial physical injury incurred in the automobile accident which gave rise to the law suit. Hatfield contends that the trial court erred in denying his motion for a new trial on the damage issue, where the jury answered all of the special interrogatories submitted with the general verdict in his favor, but assessed a manifestly inadequate amount of damages. Seaboard contends by way of cross-appeal that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict, on the grounds that Seaboard was not negligent as a matter of law and/or Hatfield was contributorily negligent as a matter of law.

The injuries complained of were the result of Hatfield's colliding with a guard rail erected by Seaboard several feet from the paved portion of the highway, at a point where the public highway is overpassed by Seaboard's trestle bridge. By answers to special interrogatories the jury found (1) that the portion of the guard rail with which Hatfield collided was situated on the public highway; (2) that Seaboard was guilty of negligence; (3) that its negligence was the proximate cause of Hatfield's injuries; (4) that Hatfield was not guilty "of any negligence which contributed in the slightest degree to his injuries"; and (5) that the amount of damages sustained by Hatfield was $1.00. The general verdict was in favor of Hatfield for that amount.

Uncontradicted testimony at the trial tended to show that Hatfield suffered multiple facial injuries, requiring surgery; paresis of the right lateral erectus muscle, causing temporary crossing of his right eye; partial loss of vision in his right eye; marked fragmentation of the superior and lateral walls of the antrum and of the lateral wall of the orbit; fracture of his skull and mandible; and considerable pain and suffering. Undisputed evidence of special damages, without objection to the reasonableness of any hospital or doctor bills, set the

medical expenses and lost wages at $2,795.75.

■ Seaboard's cross-appeal is without merit. The trial court's instruction to the jury regarding defendant Seaboard's duty to this plaintiff[1] is a substantially correct statement of the law applicable to this case.[2] If anything it is overly favorable to Seaboard in light of the jury's answer to the first special interrogatory. Seaboard contends, however, that there was insufficient evidence to submit the first interrogatory. While there is some question as to the need for the interrogatory, there was sufficient evidence to warrant the submission of the issue to the jury and to sustain their finding thereon. Likewise with regard to the issue of contributory negligence. The evidence was conflicting and the issue hence properly submitted to the jury.[3]

■ Hatfield's appeal presents a more serious question. While the scope of appellate review of a trial court's action on a motion for new trial is necessarily narrow, this court has held, along with a majority of circuits, that a trial judge's refusal to grant a new trial may be reversed upon a showing that such refusal was an abuse of discretion.[4] We find such an abuse in the particular circumstances of this case. The record reflects that the issues of liability were strongly contested, that there was some confusion on the part of the jury with regard to the contributory negligence issue, that the jury took two days to reach a verdict, and that neither party urged acceptance in the trial court of the verdict finally rendered. The verdict award of nominal damages in the teeth of an uncontroverted showing of substantial damages lacks any support in the record and cannot stand.[5]

1. The trial court instructed the jury as follows:

   "A purchaser of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who are traveling on the highway or foreseeably deviate from it in the ordinary course of travel."

2. Louisville & N. R. Co. v. Anderson, 39 F.2d 403, 405 (5th Cir. 1930); Birmingham Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659 (1940); Davis v. Dunlap, 209 Ala. 252, 96 So. 141 (1923).

3. Louisville & N. R. Co. v. Anderson, supra; see Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610 (1943); Washington & G. R. Co. v. McDade, 135 U.S. 554, 10 S.Ct. 1044, 34 L.Ed. 235 (1890); Greyhound Corp. v. Brown, 269 Ala. 520, 113 So.2d 916 (1959).

4. Rosiello v. Sellman, 354 F.2d 219 (5th Cir. 1965); New Orleans & N. E. Ry. Co. v. Hewett Oil Co., 341 F.2d 406 (5th Cir. 1965); Silverman v. Travelers Ins. Co., 277 F.2d 257 (5th Cir. 1960); Phoenix Indemity Co. v. Givens, 263 F.2d 858 (5th Cir. 1959); Complete Auto Transit, Inc. v. Floyd, 249 F.2d 396 (5th Cir.), cert. denied, 356 U.S. 949, 78 S.Ct. 913, 2 L.Ed.2d 843 (1958); Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955); Sunray Oil Corp. v. Allbritton, 187 F.2d 475 (5th Cir.), reh. denied, 188 F.2d 751 (1951), cert. denied, 342 U.S. 828, 72 S.Ct. 51, 96 L.Ed. 626 (1951); Commercial Credit Corp. v. Pepper, 187 F.2d 71 (5th Cir. 1951); Marsh v. Illinois Central R.R. Co., 175 F.2d 498 (5th Cir. 1949); Legler v. Kennington-Saenger Theatres, 172 F.2d 982 (5th Cir. 1949); Houston Coca-Cola Bottling Co. v. Kelley, 131 F.2d 627 (5th Cir. 1942); see 6A Moore Federal Practice 59.08 [6], at 3836-3840 (2d ed. 1966, Supp. 1967) and cases cited therein; 3 Barron & Holtzoff, Federal Practice & Procedure § 1302.1 (Rules Ed. 1958, Supp.1967) and cases cited therein.

5. Parker v. Wideman, 380 F.2d 433 (5th Cir. 1967); New Orleans & N. E. Ry. Co. v. Hewett Oil Co., supra. But see, Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933).

■ These same circumstances, which lead this Court to reverse the decision below, further convince us that the new trial must be on all the issues in the case, and not on the damage issue alone. They point irrefutably to some kind of jury impropriety which could not help but affect the verdict as a whole. It is highly unlikely that the jury, upon proper deliberation, found the first four interrogatories in accordance with the trial court's instructions, and then, in contravention of those same instructions, refused, either through misunderstanding or through willfulness, to assess the damages ensuing. On the contrary, the nominal damage award can be seen only as the result of either a compromise on one of the liability issues or as an attempt to render a verdict for Seaboard with Seaboard paying the costs. In either event the misconduct necessarily contaminated the entire verdict, and precludes a new trial on the damage issue alone.[6]

This case is thus distinguishable from those in which the erroneous damage finding clearly had no effect on the findings of liability.[7]

■ The instant case is analogous to a case in which the jury's findings on special interrogatories are inconsistent, either internally or with the general verdict.[8] Here, while the answers are not inconsistent on their face, the record reveals that if Seaboard is liable, it is liable for at least $2,795.75, thus presenting a conflict between the liability findings and the award of only $1.00 in damages. Such a conflict cannot be resolved by an appellate court assuming that the liability issues were answered correctly and that only the damage issue was incorrectly decided.[9] Substantial justice and each party's right to a jury trial require a new trial of all the issues.[10]

Reversed and remanded.

6. Gasoline Products Co. v. Champlin Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); Yates v. Dann, 11 F.R.D. 386 (Del.1951); see Young v. International Paper Co., 322 F.2d 820 (4th Cir. 1963); Rosa v. City of Chester, 278 F.2d 876 (3d Cir. 1960); Indamer Corp. v. Crandon, 217 F.2d 391 (5th Cir. 1954).

7. See, e. g., Parker v. Wideman, supra; Indamer Corp. v. Crandon, supra.

8. See Rule 49(b), Fed.R.Civ.P.

9. Royal Netherlands S. S. Co. v. Strachan Shipping Co., 362 F.2d 691 (5th Cir. 1966), cert. denied, 385 U.S. 1004, 87 S.Ct. 708, 17 L.Ed.2d 543 (1967); Martin v. Gulf States Utilities Co., 344 F.2d 34 (5th Cir. 1965); Union Pac. R.R. Co. v. Bridal Veil Lumber Co., 219 F.2d 825 (9th Cir. 1955), cert. denied, 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956); Welch v. Bauer, 186 F.2d 1002, 1004 (5th Cir. 1951); Mounger v. Wells, 30 F.2d 521 (5th Cir. 1929); cf., Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); Atlantic & Gulf Stevedores, Inc. v. Eller-

man Lines, Ltd, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962).

10. Once again, as so many times in the past, the utility and ultimate justice derived from the use of the Rule 49(a), F.R.Civ.P., general charge and special verdict is demonstrated. A general verdict for defendant would have been shrouded in mystery. Was it a verdict based on no primary negligence? Was it a verdict based on contributory negligence? Moreover it would have left unilluminated the basic inconsistency between the Jury's answers on negligence, contributory negligence, and damages. But in the spotlight of a special verdict, little doubt remains and the legal issues are excised for our consideration unobscured by the usual impenetrable fog. See Martinez v. Rodriguez, 5 Cir., 1968, 394 F.2d 156; Grey v. First Nat. Bank, 5 Cir., 1968, 393 F.2d 371; Weymouth v. Colorado Interstate Gas Co., 5 Cir., 1966, 367 F.2d 84, 93 n. 31; American Oil Co. v. Hart, 5 Cir., 1966, 356 F.2d 657, 659 and n. 5; John R. Brown, Federal Special Verdicts: The Doubt Eliminator, 1968, 44 F.R.D. 338.