Donald E. LUCAS, Plaintiff–Appellant,

v.

AMERICAN MANUFACTURING CO., a corporation, et al., Defendants,

American Manufacturing Co., Defendant–Appellee.

No. 79–3749
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1980.

Diamond, Lattof, Gardner, Pate & Peters, Christopher E. Peters, Stephen J. Flynn, Mobile, Ala., for plaintiff–appellant.

Johnston, Johnston & Kendall, James Crowell Johnston, William E. Johnston, Mobile, Ala., for defendant–appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

KRAVITCH, Circuit Judge.

The issue in this case is whether a jury verdict in favor of plaintiff–appellant Donald Lucas should be set aside because of inadequacy of damages. Because we find that the trial court abused its discretion in refusing to grant a new trial, we reverse and remand for a new trial on all issues.

Plaintiff was injured at work when, in attempting to repair a bag banding machine, his head became caught in the mechanism. He brought a diversity suit in federal court against appellee American Manufacturing Company, the manufacturer of the machine, under three theories: (1) breach of warranty;[1] (2) negligence; and (3) the Alabama Extended Manufacturer's Liability Doctrine. Lucas sought pain and suffering damages for personal injuries, including impaired hearing and the loss of four teeth, as well as medical expenses, lost earnings, and diminished earning capacity. Before trial, the defendant stipulated that the plaintiff incurred $5,748.74 in medical expenses[2] and $2,753.56 in lost earnings as a result of his injuries. The jury returned a verdict for plaintiff in the amount of $3,500. Plaintiff moved for a new trial on the issue of damages, or, in the alternative, a new trial.[3]

---

1. Because the machine in which plaintiff was injured was sold prior to the enactment of the U.C.C. in Alabama, the court granted summary judgment for defendant on the warranty count.

2. In the pretrial order defendant objected to the bill of Dr. James C. Bradley in the amount of $1,350 which is included in the $5,748.74. Immediately before trial, however, defendant withdrew its objection to this figure.

3. Defendant neither moved for a new trial on the issue of liability nor responded to plaintiff's motion. It also failed to file a cross–appeal.

One of the grounds asserted by plaintiff in his motion for new trial was that the trial judge improperly coerced a hasty verdict. After a three–day trial, this jury retired to deliberate on the morning of the day that Hurricane Frederick was expected to strike Mobile. Plaintiff claims the judge notified counsel that he had informed the jury, immediately after it had retired, that due to the impending approach of the hurricane, it must reach a verdict within fifteen minutes or return at a later date. The jury responded by requesting an additional thirty minutes in which to deliberate, and, in fact, returned a verdict within forty–five minutes. Although the trial transcript does not indicate any communications by the judge to the jury during its deliberations, it does reveal that, after the jury returned its verdict, the judge urged the jurors to hurry home "before you get blown away." In its brief defendant neither corroborates nor denies plaintiff's account of the judge's communication to the jury; it does concede that the jury was aware of the approaching hurricane and as a consequence reached an unduly quick verdict.

 Federal trial courts may, in their discretion, set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate. Fed.R.Civ.P. 59. *See, e. g., Parker v. Wideman,* 380 F.2d 433 (5th Cir. 1967); *Ries v. Sanders,* 34 F.R.D. 468 (D.Miss.1964). Appellate review of a trial court's ruling on a motion for new trial is very limited; we may reverse only for abuse of discretion. *Silverman v. Traveler Ins. Co.,* 277 F.2d 257 (5th Cir. 1960).

In *Davis v. Becker & Associates, Inc.,* 608 F.2d 621 (5th Cir. 1979), a suit for personal injuries under the Jones Act, we held that the jury's failure to award damages for pain and suffering was not supported by the evidence, and accordingly ordered a new trial on the issue of damages only. In a special verdict the jury found that defendant negligently caused plaintiff's injuries, and that plaintiff was due over $20,000 in lost past and future earnings. In response to an interrogatory concerning the amount due plaintiff for his pain and suffering, however, the jury answered "$0". We concluded that the award of "0" damages for pain and suffering could not be reconciled with the jury's finding of liability and the award of lost wages.

 In the present case we are confronted with a similar inconsistency. Once the jury found the defendant liable for plaintiff's injuries, plaintiff was entitled to compensation. The defendant stipulated before trial that the plaintiff had incurred $8,503 in expenses as a result of his injuries; the verdict, however, was less than half of Lucas' stipulated out–of–pocket losses and reflected no award for pain and suffering. We find no evidentiary basis for the jury's award of only $3,500.

We need not decide whether the inadequacy of damages standing alone would compel reversal. We conclude that the extraordinary circumstances surrounding the jury's deliberations, when considered along with the obvious inadequacy of the verdict, require that this verdict be set aside. We are mindful that, in the light of the seventh amendment, an appellate court should proceed cautiously when asked to set aside a jury's verdict, but in this case we find that the attempt by the trial court to secure a quick verdict prevented fair and thoughtful deliberation by the jury. The imminence of the hurricane might very well have required that the jury be sent home that morning; concern for the jurors' well–being, however, does not excuse the court's efforts to coerce a verdict.[4] The jurors

4. Our decisions concerning *Allen,* or "dynamite," charges in criminal cases, *see Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), provide a useful analogy. We have upheld the use of an *Allen*-type charge where the judge merely instructed the jurors that they should listen, with a disposition to be convinced, to each other's argument. *See, e. g., United States v. Fossler,* 597 F.2d 478 (5th Cir. 1979). On the other hand, we have stated: "There is no justification whatever for its coercive use." *Green v. United States,* 309 F.2d 852, 854 (5th Cir. 1962). In *United States v. Amaya,* 509 F.2d 8 (5th Cir. 1975), we held that judicially imposed time constraints on the jury's deliberations had the effect of coercing a verdict and thus necessitated reversal.

could easily have been excused that morning with instructions to return in a day or two to finish their deliberations. If the hurricane prevented their safe return to court within a reasonable time, a mistrial would have been proper. Accordingly, in the light of the judge's communications to the jury and the lack of evidence to support the verdict, we find that the trial court abused its discretion in failing to order a new trial.[5]

Appellee argues that if we order a new trial, it should be on all of the issues, and not just damages. It contends that if the approaching hurricane and the judge's communications infected the jury's deliberations on the issue of damages, then its finding of liability is also tainted. Essentially, it argues that the verdict was a compromise; i. e., some jurors wanted to find defendant liable while others did not, and in their rush to reach a verdict they compromised on the issue of liability as well as the amount of damages.

 We find merit in appellee's argument. It is well settled that a new trial on part of the issues "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice." *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). Where, as here, the issues of liability and damages were tried together and there are indications that the jury may have rendered a compromise verdict, the court should grant a new trial on all of the issues rather than one limited solely to the issue of damages. *See Hatfield v. Seaboard Air Line R. R.*, 396 F.2d 721, 724 (5th Cir. 1968); C. Wright & R. Miller, 11 Federal Practice and Procedure § 2814 (1973); J. Moore, 6A Moore's Federal Practice ¶ 59.06 (2d ed. 1979).

 The fact that the appellee did not appeal the judgment against it does not preclude this court, under the circumstances of this case, from remanding for a new trial on all issues. *See Vidrine v. Kansas City Southern Ry.*, 466 F.2d 1217 (5th Cir. 1972); *Caskey v. Village of Wayland*, 375 F.2d 1004, 1007–10 (2d Cir. 1967). The appeal here was from the refusal of the district court to grant appellant a new trial. It is well settled that an appellee, without cross–appealing, may defend a decision of the district court on any ground in the record. *Massachusetts Mutual Life Ins. Co. v. Ludwig*, 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976); *see* J. Moore, 9 Moore's Federal Practice ¶ 204.11[2] and [3] at 4–45 (2d ed. 1980). Since appellant moved alternatively for a new trial on the issue of damages or for a new trial on all issues, appellee's failure to cross–appeal does not prevent it from asserting before this court that the district court correctly determined to deny a new trial limited to the issue of damages, even if the court did err in failure to grant a full retrial.

We therefore reverse and remand for a new trial on all issues.

REVERSED AND REMANDED.

---

5. Plaintiff also asserts as a ground for reversal that counsel for defendant improperly informed the jury of plaintiff's pending workmen's compensation claim against his employer. Because we reverse on the grounds stated above, we do not reach this issue.