**Frank David LEVESQUE**

v.

**MARINE DRILLING COMPANY.**

No. 1:90 CV 0720.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 11, 1992.

Dennis M. McElwee, Schechter & Eisenman, Houston, Tex., for plaintiff.

George Michael Jamail, J. Thad Heartfield, Jr., Benckenstein, Oxford & Johnson, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL ON THE ISSUE OF DAMAGES

SCHELL, District Judge.

CAME ON TO BE CONSIDERED the Plaintiff, Frank David Levesque's, Motion For a New Trial in this cause. The court, after considering the motion, the defendant's response, and the record, is of the opinion that the Motion For a New Trial on the Issue of Damages should be GRANTED.

### FACTS

This personal injury suit was brought under the Jones Act and General Maritime Law to recover damages sustained by the plaintiff on or about February 10, 1990. This lawsuit was tried on January 6 through January 10, 1992. The jury made the following findings:

INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that Plaintiff, Frank David Levesque, injured his back as he has claimed during the course and scope of his employment aboard the "J STORM XVI" on or about February 10, 1990, that is, sometime between February 7, 1990 and February 14, 1990?

ANSWER: "Yes" or "No"

ANSWER: Yes

NOTE: If you answered "No" to Interrogatory No. 1, you need not consider or answer any of the remaining Interrogatories. If you answered "Yes" to Interrogatory No. 1, then proceed to Interrogatory No. 2.

INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that the Defendant, Marine Drilling Company, was negligent on the occasion in question and that such negligence was a legal cause, in whole or in part, of the damages to the Plaintiff, if any?

Answer: "Yes" or "No".

Answer: Yes

INTERROGATORY NO. 3

Do you find from a preponderance of the evidence that the "J STORM XVI" and/or its parts and/or its crew was unseaworthy, on the occasion in question and that such unseaworthiness was a legal cause of the damage to the Plaintiff, if any?

Answer: "Yes" or "No".

Answer: Yes

If you answered "No" to both Interrogatory No. 2 and Interrogatory No. 3, then you need not answer the remaining Interrogatories. If you have answered "Yes" to Interrogatory No. 2 or 3, then answer Interrogatory No. 4.

INTERROGATORY NO. 4

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff, Frank David Levesque, for his damages and injury, if any, which resulted from the occurrence in question?

Consider the following elements of damages, to the extent that they are proved by a preponderance of the evidence and no others. Consider each element of damage, separately, so as not to include damages in one element in another element.

1. Loss of earnings in the past.
Answer: State an amount in dollars and cents, if any.
Answer: $45,160.00

2. Loss of earning capacity which in reasonable probability the Plaintiff, Frank David Levesque, will sustain in the future. In determining the amount of such damage, consider only the work life expectancy of the Plaintiff.
Answer: State an amount in dollars and cents, if any.
Answer: $41,440.00

3. Physical pain and suffering, disability, physical impairment, mental anguish and loss of capacity for enjoyment of life experienced in the past or reasonably probable in the future. There is no

exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the circumstances.

Answer: State an amount in dollars and cents, if any.

Answer: $0

4. Reasonable medical expenses, if any, that will reasonably be required in the future.

Answer: State an amount in dollars and cents, if any.

Answer: $8,400.00

Plaintiff contends that the jury's answer to Interrogatory No. 4 subsection 3 with regard to physical pain and suffering, disability, physical impairment, mental anguish and loss of capacity for enjoyment of life is inconsistent with its other findings and cannot be reconciled. Plaintiff claims that the evidence on pain and suffering is uncontradicted. Plaintiff testified that he suffered an injury which was painful, that he underwent an operation which caused pain, that he was prescribed pain medication and that he continues to have pain. Plaintiff requests a new trial on the issue of damages because the jury's finding of zero damages on the issue of pain and suffering is inconsistent with its other findings.

Plaintiff also contends that this court was in error in refusing to submit to the jury Plaintiff's requested issue of punitive damages for failure to pay maintenance and cure. The court prevented two witnesses from testifying regarding the safety program and its implications and effect upon the reporting of incidents on board Marine Drilling Company drilling rigs. The plaintiff claims that the testimony would have shown that Marine Drilling Company, through its supervisors, encouraged the untimely reporting of injuries and then used the late reporting against its employees as a basis to deny maintenance and cure.

Defendant claims that the jury verdict is a fair reflection of the evidence in this case and can be adjusted by the court by the filing of a remittitur on the issue of past damages and the filing of an additur in the same amount on the issue of physical pain and suffering. Defendant requests that if a new trial is issued that the new trial exclude any issue of punitive damages or the question of maintenance and cure.

Defendant further contends that it would be error for this court to grant a new trial on damages only, because this case presented facts and circumstances that intertwined the credibility of the plaintiff's testimony on the liability issues with the plaintiff's credibility in regard to his damage claims. Defendant claims that a new trial which is limited to damages would deny it equal protection of the law, due process of law, and effective assistance of counsel. Defendant claims that the verdict was a downward compromise wherein the plaintiff benefitted from a strong minority view on the jury that demanded that regardless of the evidence he should receive something. Defendant believes the court was in error in refusing to submit the issue of comparative causation and/or contributory negligence to the jury, and in the event a new trial is granted requests that these issues be submitted.

## ANALYSIS

### Damages

"Federal trial courts may, in their discretion, set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate. Fed.R.Civ.P. 59" *Lucas v. American Manufacturing Co.,* 630 F.2d 291, 293 (5th Cir.1980). Plaintiff is correct in his contention that the jury's answers to Interrogatory No. 4 subsection 3 is inconsistent with the other interrogatories. Plaintiff relies on a case extremely similar to the present one, *Davis v. Becker & Associates, Inc.,* 608 F.2d 621 (5th Cir. 1979). The lawsuit in *Davis* was also brought under the Jones Act and general maritime law for injuries suffered by the plaintiff. The jury found that the defendant was negligent and awarded plaintiff damages for lost wages and for future wages. However, the jury awarded the plaintiff zero damages for his pain and

suffering. The court found that because the plaintiff was awarded 100% of his lost wages from the date of the accident and future lost wages, as well as there being testimony from both the plaintiff and the doctor as to plaintiff's pain, that the jury's answers to the interrogatories were irreconcilable. Therefore, the Fifth Circuit remanded the case for a new trial on damages only.

Another case dealing with inadequate pain and suffering damages is *Pagan v. Shoney's Inc.*, 931 F.2d 334 (5th Cir.1991), in which the jury awarded plaintiff damages for medical expenses and loss of earnings but not for general damages. The Fifth Circuit, applying Louisiana law, found that the jury erred in awarding special damages for medical expenses and lost wages, but not for general damages of pain and suffering. The court also noted that if a jury awards nothing for pain and suffering, the jury is not exercising its discretion, but is refusing an award. The court remanded the case for a trial on damages only and ordered that "[o]n retrial, questions of both general and special damages should be submitted to the jury, and the jury should be instructed that if it awards no general damages, it may not award any special damages." *Pagan* at 337–338.

In *Webster v. City of Houston*, 689 F.2d 1220 (5th Cir.1982), the Fifth Circuit determined that once the jury found a constitutional violation, it erred in awarding no damages for the violation. The court remanded the case for a new trial on damages only.

In *Lucas, supra*, the court was faced with an inconsistency similar to *Davis, supra,* when the defendant stipulated to the amount of out-of-pocket expenses plaintiff had incurred, but the jury awarded the plaintiff less than half the stipulated amount and no pain and suffering. "Once the jury found the defendant liable for plaintiff's injuries, plaintiff was entitled to compensation." *Lucas* at 293. The court remanded the case for a new trial on all the issues after finding that the judge had rushed the jury's verdict due to an approaching hurricane.

In the present case, it is clear that the jury found liability on the part of the defendant and awarded special damages for lost wages, future wages, and medical expenses. However, the jury did not award any general damages for items such as pain and suffering. As in *Pagan*, the jury has awarded special damages without awarding general damages. The plaintiff testified that he suffered pain in his back and buttocks when he lifted the pump, that he was given pain killers by Dr. Wilhoit, and that he had to undergo a back operation. Dr. Cupid, an orthopedic surgeon, testified that plaintiff complained of pain in his back and buttock and that plaintiff suffered from tenderness and pain in his left side. Dr. Wilhoit testified that the plaintiff had low back pain which radiated downward and that he conducted surgery to remove a herniated disc. Therefore, there is evidence in the record that plaintiff suffered from pain.

The issue then becomes whether a new trial should be rendered on all the issues or on the issue of damages only. Defendant makes several contentions which include the request for a trial on all the issues rather than damages only. Defendant relies heavily upon *Gasoline Products, infra,* for the proposition that a new trial on less than all the issues would deprive it of equal protection, due process, and effective assistance of counsel. "[A] new trial on part of the issues 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice.'" *Lucas* at 294 (citing *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931); *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233 (5th Cir.1985), *reh'g denied,* 760 F.2d 269. In *Gasoline Products,* the Court found that "the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Id.*, 283 U.S. at 500, 51 S.Ct. at 515,

75 L.Ed. at 1191. However, the issue before the jury was a contract, and in order for a new jury to determine upon which dates the contract had been formed and breached, all of the issues had to be retried. The Supreme Court also held "that where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again." *Id.*, 283 U.S. at 499, 51 S.Ct. at 515, 75 L.Ed. at 1190–1191.

Defendant also relies upon *Hatfield v. Seaboard Air Line Railroad Co.*, 396 F.2d 721 (5th Cir.1968), in which the court remanded the case on all the issues and not on the damage issue alone. *Hatfield* based its decision on the fact that the jury found that the defendant was liable, but contrary to the evidence of substantial damages awarded plaintiff nominal damages of $1.00. The Fifth Circuit determined that the nominal damage award must have been a compromise on one of the liability issues or an attempt to find for Seaboard with Seaboard paying the costs. However, *Hatfield* noted that the case was distinguishable from those in which the erroneous damage finding clearly had no effect on the findings of liability. *Id.* at 724.

The Fifth Circuit noted in *Fury Imports Inc. v. Shakespeare Co.*, 554 F.2d 1376 (5th Cir.1977), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1369, 67 L.Ed.2d 349 (1981), that the normal procedure is to reverse and remand for a new trial on damages only. However the court found that the question of damages was interwoven with issues of liability to the extent that a fair trial could not be obtained because of the confusion and uncertainty which would exist. *Id.* at 1387–1388. The court noted that because the defendant could only be held liable for the breaches of a third party that it induced, the question of causation was tied to the question of damages. *Id.* at 1388.

In the present case, the liability of the defendant has already been determined. The only issue left to be decided is the damages of the plaintiff. The plaintiff's pain and suffering is not so interwoven with a determination of liability that it would be unjust to have a new trial on damages only. A jury would not be confused by determining the damages that plaintiff has suffered in this case. In *Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242 (5th Cir.1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981), the Fifth Circuit denied a request for a new trial on all the issues and remanded for a new trial on damages only. The court found that the defendant did not point to circumstances which indicate the possibility of a compromise verdict and conceded that jury misconduct was unlikely. The court determined that plaintiff's wrongful termination is separate from the issues of his potential income under the contract or under reasonably obtainable employment.

Similarly, the defendant in the present case does not point to any evidence of a compromise or of jury misconduct, as is present in the cases which ordered a new trial on all the issues. Defendant's evidence is only that plaintiff was seeking damages over $2 million and was awarded only 5% of that amount. Defendant claims that this is clearly a result of sympathy for the plaintiff. However, Defendants figure of $2 million dollars includes punitive damages which were not submitted to the jury. Furthermore, an award of an amount smaller than what the plaintiff requested does not necessarily show a compromise or jury misconduct. It simply shows that is the amount the jury felt would compensate the plaintiff for his injuries. The jury awarded more than nominal damages, so it is clear that the jury found the defendant liable for plaintiff's injuries. Defendant also claims that plaintiff's credibility on liability is intertwined with his credibility on damages. Plaintiff's credibility has already been determined as to liability. A new jury can judge his credibility as to damages. The credibility of the plaintiff is present in every case. If the court follows the defendant's suggestion, no case could ever be tried on damages alone. Such a position is contrary to the law.

In *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1242 (5th Cir.1985), the court stated that "[i]t is well settled that a new trial on part of the issues is properly resorted to if 'it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be without injustice.' " (citing *Gasoline Products*, supra). "Because in this case the factual questions relating to damages are sufficiently distinct and independent of those questions pertaining to liability, damages can be tried separately." *Westbrook* at 1242. "A new trial on the issue of damages, once liability is established, is proper." *Id.*

In the present case, the issue of damages is distinct from that of liability and can be tried separately. The factual questions of the amount of damages are sufficiently distinct and independent of those pertaining to whether the plaintiff was injured and in what manner he was injured. A jury has already decided that the defendant is liable for plaintiff's injury. A new jury will not be presented with any confusing or uncertain questions in deciding damages.

*Comparative Negligence*

■ The defendant requests that in the event of a new trial that the issues of comparative causation and/or contributory negligence be submitted to the jury. This court has already decided that a seaman who is following the orders of his superior cannot be held to be contributorily or comparatively negligent. The court's ruling and reasons for granting the plaintiff's motion for a directed verdict on this issue were dictated into the record on January 9, 1992, and the court stands by that ruling. Therefore, the issue of comparative fault of the plaintiff will not be submitted to the jury in the new trial on damages.

*Punitive Damages*

■ Plaintiff claims that the court erred in not submitting the issue of punitive damages to the jury. Plaintiff contends that the court prevented two witnesses from testifying that the policy of defendant was to encourage employees not to report accidents. Plaintiff claims that after encour-aging employees not to report accidents, the defendant used the untimely reporting of the accident to deny maintenance and cure. Mr. Houston's testimony would have shown that the defendant encouraged employees not to report accidents. Mr. Roberts testimony would have rebutted the defendant's testimony that the investigation done by the defendant was reasonable.

This court granted defendant's motion for a directed verdict on the issue of plaintiff's punitive damages from the bench on January 9, 1992. Plaintiff claimed that defendant's denial of maintenance and cure was arbitrary and capricious. Defendant claimed that it conducted an investigation and could find no one who corroborated plaintiff's story that he was ordered by Mike Darwent to lift and carry a pump, including Mike Darwent himself. Therefore, defendant did not pay maintenance and cure benefits to plaintiff.

Any showing that the defendant encouraged employees not to report accidents is not evidence that the defendant's investigation was unreasonable. There was insufficient evidence that the defendant acted willfully or wantonly in denying plaintiff maintenance and cure. This court correctly refused to admit the testimony of Mr. Houston as to *his* understanding of the defendant's disincentive to report accidents. The court did allow the plaintiff to testify as to his own understanding of the reporting of accidents. However, this was insufficient evidence to rise to the level of proof of willful or wanton disregard by the defendant. Defendant did not act with reckless disregard or indifference to plaintiff's rights in denying maintenance and cure since an investigation was conducted which did not result in the corroboration of plaintiff's facts.

*Additur*

■ Defendant admits that it will accept an additur, presumably for general damages, if the additur represents a proportion of the amount plaintiff recovered for medical expenses. The plaintiff has not requested additur or made any indication that it would accept an additur in the amount that defendant suggests. This court does

not have the power with just the consent of the defendant to order additur. Such an order would violate the plaintiff's Seventh Amendment right to a trial by a jury. *Dimick v. Schiedt*, 293 U.S. 474, 486–88, 55 S.Ct. 296, 301–302, 79 L.Ed. 603 (1935). "It is well-settled, however, that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute." *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976). *Dimick* "strongly implies that *any* attempt by the court to augment a damage award of a jury contravenes the Seventh Amendment." *Nicholson v. Bates*, 544 F.Supp. 256, 257 (E.D.Tex.1982). Therefore, this court declines to amend the judgment of the jury by additur in the present case.

### ORDER

The plaintiff is entitled to a trial by a jury pursuant to the Seventh Amendment. The jury erred in awarding the plaintiff special damages for medical expenses and past and future lost wages without awarding the plaintiff general damages for pain and suffering. There is uncontradicted evidence in the record that the plaintiff suffered pain from the injury and underwent an operation. Therefore, the jury's verdict is erroneous.

Plaintiff is entitled to a new trial on the issue of damages only. There is no evidence of jury misconduct or a compromise verdict. A new jury will not be faced with confusion and uncertainty in determining the amount of plaintiff's damages. Liability is separate and independent from the damages in this case. As in *Pagan*, supra, both special and general damages should be submitted to the jury.

IT IS, therefore, ORDERED that Plaintiff, Frank David Levesque's, Motion For a New Trial on the Issue of Damages is hereby GRANTED. This case is scheduled for jury selection on the issue of damages on March 16, 1992.