**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60067
Summary Calendar

JIMMY BOX,

Plaintiff-Appellant,

VERSUS

BIRMINGHAM SOUTHEAST, LLC, doing business as Birmingham Southeast
Scrap Yard; INTERNATIONAL MILL SERVICES , INC.,

Defendants-Appellees.

SARAH NELL BOX,

Plaintiff-Appellant,

VERSUS

BIRMINGHAM SOUTHEAST SCRAP YARD; INTERNATIONAL MILL SERVICES,
INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:99-CV-551)

October 19, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that

Plaintiffs Jimmy Box and Sarah Nell Box appeal the district court's order denying their Motion for New Trial and to Correct Judgment. Mr. and Mrs. Box argue that the jury reached a compromise verdict and awarded inadequate damages in their negligence suit against the defendants. We conclude that the district court did not abuse its discretion and affirm.

I.

On May 6, 1998, Jimmy Box delivered a load of scrap metal to Birmingham Southeast's scrap yard. Mr. Box parked his tractor-trailer alongside several railway cars, and the crane operator unloaded the scrap from Mr. Box's trailer. During the course of the operation, several new railway cars began moving into position for unloading. At the same time, Mr. Box moved his tractor-trailer in the way of the oncoming railway cars. Although the railway cars were moving only two miles-per-hour, the scrap yard employees could not bring the cars to a complete stop before the cars hit Mr. Box's truck on the passenger side.

At trial, the parties presented conflicting evidence as to their respective liability. Mr. Box claimed that the scrap yard employees instructed him to move his trailer. Birmingham Southeast claimed that he moved his truck on his own volition. Furthermore, Mr. Box claimed that he received extensive injuries to his

_____

this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

shoulder as a result of the accident. Birmingham Southeast presented testimony that the train's impact with the truck was minimal and that Mr. Box got out of his truck after the accident and appeared to be unharmed. The parties also disputed the extent of Mr. Box's damages resulting from the accident.

The jury verdict did not apportion liability to either party, but awarded $100 to Mr. Box and nothing to Mrs. Box for her alleged loss of consortium. The plaintiffs filed a motion for new trial on the issue of damages pursuant to Federal Rule 59(a), claiming that the damage award was grossly inadequate and that the award stemmed from a compromise verdict. The district judge denied plaintiffs' motion, and the plaintiffs appealed.

## II. Discussion

We review a district court's order denying a motion for new trial under an abuse of discretion standard. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1051 (5th Cir. 1998). "[O]ur review is more narrow when a new trial is denied than when one is granted." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). However, the limits of the trial judge's discretion depend on the type of claims raised by the appellants. *See Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 379 (5th Cir. 1992) (applying a totality of the circumstances test to a compromise verdict claim); *Hidden Oaks Ltd.*, 138 F.3d at 1051 (holding that a jury verdict will support damages unless there is

3

an absolute absence of evidence that could form the basis of the award).

## A. Compromise Verdict

If the record demonstrates that the jury's assessment of liability or damages stemmed from a compromise, the aggrieved party is entitled to a new trial. *See Yarbrough*, 964 F.2d at 379. "[W]e examine the 'totality of the circumstances' and consider any indicia of compromise from the record . . . that may have caused a verdict for damages that would be inadequate if the jury actually found liability." *Id*. (citing *Pagan*, 931 F.2d at 339).[2] If the jury disregarded uncontested damages or the record demonstrates that the jury was confused on issues of contributory negligence, then an award of nominal damages raises the suspicion of a compromise verdict. *See id*. at 339 n.2 (citing *National R.R. Passenger Corp. v. Koch Indus.*, 701 F.2d 108, 110 (10th Cir.

---

[2]We have considered factors such as (1) whether the issue of liability was strongly contested, (2) whether the jury was confused concerning contributory negligence, (3) whether either party urged the trial court to accept the verdict finally rendered, (4) how long the jury deliberated, (5) whether the jury requested additional instructions, and (6) whether the jury attempted to qualify its award in any way. *See Pagan*, 931 F.2d at 339; *Hatfield v. Seaboard A.L.R. Co.*, 396 F.2d 721, 723-24 (5th Cir. 1968); *Burger King Corp. v. Mason*, 710 F.2d 1480, 1488 (11th Cir. 1983).

4

1983)).  "However, a nominal or inadequate finding of damages alone does not automatically mandate the conclusion that a compromise verdict produced the award."  *Pagan*, 931 F.2d at 339.

The appellants argue that the $100 damage award represents less than one percent of the $2,450 that appellants claim is the amount of damages to which the parties stipulated at trial. Because the damage award suggests that  Birmingham Southeast was less than one percent liable, the appellants argue that the jury either (1) disregarded the stipulated evidence of damages or (2) was confused concerning contributory negligence.  Therefore, the appellants argue that the jury compromised in reaching its verdict.

The appellants' claim is without merit.  First, the jury did not ignore stipulated damages.  The defendants' attorney agreed that the plaintiff's income was $1,450 lower after the accident. However, the parties never agreed that the decline in Mr. Box's earnings stemmed from his alleged injury.  Tr. at 20.  The defendants conceded that, at the very most, Mr. Box was entitled to $1,000 in insurance deductibles.  Tr. at 16.  However, the defendants argued that this amount could be reduced by Mr. Box's own negligence.  Tr. at 584.

Second, there is no indicia to support a finding that the jury was confused concerning contributory negligence.  There was ample evidence throughout the record to support the jury's assessment of damages.  For example, the defendants claimed that Mr. Box

5

fabricated his injury and was capable of performing the same work as before his alleged injury occurred.  To support their position, the defendants offered a videotape of Mr. Box working on his bass boat and using the same arm he claimed was painful to move.  Tr. at 22-24.  Therefore, the jury could have disregarded any evidence of Mr. Box's medical expenses and loss of earning capacity.  In addition, the defendants' attorney asked the jury to consider only the $1,000 insurance deductible as possible damages, reduced by the portion of Mr. Box's own negligence.  Tr. at 584. The $100 in damages awarded by the jury is ten percent of the $1,000 deductible.  In light of the testimony presented at trial, the jury could reasonably find Birmingham Southeast only ten percent liable for the damage to Mr. Box's tractor-trailer.  Therefore, the record does not show that the jury was confused concerning contributory negligence.  Furthermore, the appellants have not argued and the record does not demonstrate any other basis on which we could conclude that the jury compromised in reaching its verdict.

## B. Adequacy of Damages

In reviewing whether the district court abused its discretion in denying appellants' motion for new trial because of inadequate damages, we determine whether there is an absolute absence of evidence to support the jury's verdict.  *See Hidden Oaks Ltd.*, 138 F.3d at 1051.  "In addition, we will interfere with the factfinder's award of damages only in extreme and exceptional cases

where the award is so gross . . . as to be contrary to right reason." *Young v. City of New Orleans*, 751 F.2d 794 (5th Cir. 1985) (quoting *Baily v. Southern Pac. Transp. Co.*, 613 F.2d 1385, 1390 (5th Cir. 1980).

Sarah Nell Box claimed that she suffered damages from loss of consortium because of her husband's alleged injury. However, the defendants, through cross-examination of Mrs. Box, demonstrated that Mrs. Box could not attribute her marital problems to her husband's injury. Tr. at 336-42. She also testified that the reason she filed the lawsuit was to secure an interest in the litigation because of her pending divorce proceeding against her husband. Tr. at 335-36. Therefore, the jury's verdict is supported by evidence that Mrs. Box did not suffer damages from loss of consortium. This is clearly not the type of exceptional case where the award is so inadequate as to be contrary to right reason. In fact, testimony at trial supports the verdict.

Because the record fails to show that the jury reached a compromise verdict or that the jury assessed inadequate damages, we conclude that the district court did not abuse its discretion by denying the motion for new trial.

AFFIRM