**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1171**

KATHERINE MCGUINESS,

Plaintiff - Appellant,

v.

MIRIAM M. HYNSON; STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY
COMPANY,

Defendants - Appellees,

and

MARK D. SCOTT,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Albert David Copperthite, Magistrate Judge.  (1:16-cv-02885-ADC)

Submitted:  November 30, 2018                    Decided:  December 20, 2018

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence S. Greenberg, GREENBERG LAW OFFICES, Baltimore, Maryland, for
Appellant.  George W. Fanshaw, SIMMONS, FIELDS & FANSHAW, Timonium,

Maryland; Harold L. Burgin, STONER, PRESTON & BOSWELL, CHARTERED, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katherine McGuiness appeals from the district court judgment entered after a jury awarded her $5,000 in noneconomic damages in her civil suit related to an automobile accident. McGuiness argues that the district court confused the jurors when it provided a supplemental and curative instruction regarding the necessity for a unanimous decision. She contends that the jury was further improperly coerced by the court's expression of concern over juror safety leaving the courthouse at night when the court questioned the jury about how long they would continue to deliberate in the evening. Finally, she assigns error to the court's instruction to the courtroom clerk to knock on the jury room door during deliberations and enter to inquire as to the jury's schedule, without conferring with counsel. McGuiness argues that together these errors constituted impermissible coercion of a verdict and the court abused its discretion in denying her motion for a mistrial. We affirm.

The Appellees first contend that McGuiness did not properly preserve her objections under Fed. R. Civ. P. 51(c) to the curative jury instruction given on a unanimous decision including the court's safety comments. We "review a trial court's jury instructions for abuse of discretion, keeping in mind that a trial court has broad discretion in framing its instructions to a jury." *Bunn v. Oldendorff Carriers GmbH & Co. KG*, 723 F.3d 454, 468 (4th Cir. 2013) (internal quotation marks omitted). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the existing party." *Id.*

3

(internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction seriously prejudiced the challenging party's case." *Id.* (internal quotation marks and emphasis omitted).

"A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). "When challenging instructions on appeal, a party must furnish the court of appeals with so much of the record of the proceedings below as is necessary to enable informed appellate review." *Bunn*, 723 F.3d at 468 (internal quotation marks omitted). However, "a formal exception to a ruling or order is unnecessary. . . . [A] party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." Fed. R. Civ. P. 46. Consequently, Rule 51 generally will not preclude appellate review "where the district court was fully aware of [a party's] position and . . . obviously considered and rejected [it]." *City of Richmond v. Madison Mgmt. Grp., Inc.*, 918 F.2d 438, 453 (4th Cir. 1990) (internal quotation marks omitted).

Under these principles, we conclude that McGuiness's complaints concerning the jury instruction can constitute objections for purposes of Rule 51. A transcript of McGuiness's counsel's interactions, suggestions, and challenges during conference with opposing counsel and the court evinces that McGuiness made the court aware of her positions, and that the court considered and rejected them.

4

McGuiness argues that the district court's instructions to the jury in answer to its questions during deliberations, the court's comments on safety of the jurors exiting the courthouse at night, and the court's instruction for the courtroom clerk to inquire whether the jury would be sending out a note on its deliberation schedule, should have resulted in a mistrial. The denial of a motion for a mistrial is reviewed for an abuse of discretion. *See United States v. Johnson*, 587 F.3d 625, 631 (4th Cir. 2009); *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008) ("We review . . . a district court's denial of a motion for a mistrial . . . for an abuse of discretion."). A district court abuses its discretion when "it has acted arbitrarily or irrationally[,] . . . has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." *L.J. v. Wilbon*, 633 F.3d 297, 304 (4th Cir. 2011) (alterations in original) (internal quotation marks omitted).

We have carefully reviewed the transcript and sequence of the proceedings. The district court here did not rush the jury by putting a deadline on the deliberations or indicate that it was opposed to a second day of deliberations. Reviewing the transcript, it is clear that the court in no way coerced the jury to end its deliberations early or urge the jury to continue for hours when their safety may come into play. *See Lucas v. Am. Mfg. Co.*, 630 F.2d 291, 293 (5th Cir. 1980) (court's admonition on urgency may not "prevent[] fair and thoughtful deliberation by the jury").

In *Bristol Steel & Ironworks v. Bethlehem Steel Corp.*, 41 F.3d 182, 191 (4th Cir. 2001), we held that we must consider the totality of the circumstances in determining whether a supplemental instruction is coercive. These circumstances include "jury

5

deadlock, compromise of the individual juror's convictions, colloquy between the district court and the foreman, limitations on the length of the deliberations, and the 'obnoxious' nature of the charge." *Id.* In *Bristol*, we held that the verdict was not coerced when the court directed the jury that it could reach a full verdict on one of the questions on the special verdict form even if it could not reach a unanimous decision on the other questions. The court did not tell jurors to sacrifice their convictions or limit the length of their deliberations. *Id.* Although McGuiness argues that the present case has the additional comments on juror safety, as discussed above, there was no indication that the verdict was rushed by the district court. Although the court mentioned the safety of the jurors returning to their cars at night, the court instructed that it was perfectly acceptable to continue the next morning. Under *Bristol*, this was not coercive.

Finally, McGuiness argues that in addition to the unanimity instruction and concern for juror safety, the mistrial was also necessary due to the court's instruction to have a courtroom clerk inquire independently of the jury's deliberation schedule. McGuiness mainly relies on *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 459 (1978) to argue that the district court encroached on the jury and coerced it when it sent the courtroom clerk into the jury room. In *Gypsum*, the Supreme Court held that ex parte communications between the judge and jury foreman required a reversal of the verdict. The meeting was permitted by counsel after requested by the jury foreman to discuss the state of the jury. The meeting was recorded and reflected references to jury deadlock and the suggestion that the judge wanted a verdict "one way or another." (*Id.* at 460). The Court concluded that the sequence of events was "disturbing" because "the trial judge

6

had encroached on the jury's authority and had foreclosed a possible no verdict outcome." *Id.* at 459 (internal quotation, citation, and alterations omitted).

Here, McGuiness suggests that the clerk's interaction with the jury seeking clarification on whether it would be sending a note, as requested by the court, regarding their schedule was "dangerous because of the risk that the clerk believed that the court insisted on a dispositive verdict, especially since the judge repeatedly emphasized the verdict must be unanimous and hurried because of the safety concerns of the jurors." (Appellant's Br. at 19-20). This perceived risk is simply not apparent from the course of the proceedings and the transcript. In addressing McGuiness's motion for a mistrial, the court explained its direction to the clerk to inquire of the jury. The court emphasized, without objection from counsel, that counsel and the court were waiting for the jury to return their note on the deliberation schedule so that counsel knew what to expect. The court explained its request of the clerk, that the clerk was well experienced with over 30 years of employment with the court, and noted that the clerk was instructed to first knock before entering the jury room. McGuiness also suggests that the court did not put on record the clerk's description of his actions and interaction with the jury. However, McGuiness did not request that the court do so. There is simply no suggestion that the jury was coerced by the court on this basis.

Because, considering the totality of the circumstances, the court did not abuse its discretion in denying the motion for a mistrial, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*