978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LANE CONSTRUCTION CORPORATION, Plaintiff-Appellee,
v.
CARDINAL INDUSTRIES, INCORPORATED, Defendant-Appellant.
 No. 92-1189.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1992
Decided: November 13, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-483-A)
 COUNSEL: Gregory Lynn Murphy, MURPHY, MCGETTIGAN & WEST, P.C., Alexandria, Virginia, for Appellant.
 Joseph H. Kasimer, KASIMER & ITTIG, P.C., Falls Church, Virginia, for Appellee.
 ON BRIEF: David C. Schroeder, MURPHY, MCGETTIGAN & WEST, P.C., Alexandria, Virginia, for Appellant.
 Lesa L. Miller, KASIMER & ITTIG, P.C., Falls Church, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before PHILLIPS and LUTTIG, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Defendant-appellant Cardinal Industries, Inc. appeals from an order of the district court denying Cardinal's motion for a new trial. Cardinal contends that the jury rendered an improper"compromise verdict" and that the district court abused its discretion in not ordering a new trial. We discern no abuse of discretion, and therefore affirm.
 
 I.
 
 2
 In December 1990, plaintiff-appellee Lane Construction Corporation decided to submit a bid for a Virginia Department of Transportation ("VDOT") road-widening project. Because the project would require large-scale concrete grinding, in which Lane had little experience, Lane solicited subcontracting bids on that work. See J.A. at 80-83. Cardinal, a pavement-grinding company, initially offered a "ball-park" estimate of between $2.00 and $2.50 per square yard. Id. at 88, 108, 133-34. On the night before the VDOT bids were due, Lane received two bids from other subcontractors for $3.35 and $3.52 per square yard and a bid from Cardinal for $1.74 per square yard. See id. at 89, 260-63. Although surprised by the significantly lower bid by Cardinal, Lane used it to calculate its own bid to VDOT. See id. at 90-91, 117-18, 141. After Lane learned that it had made the lowest bid for the VDOT project, it met with Cardinal to discuss performance. See id. at 96, 99-101. At the meeting, Cardinal immediately announced that it had miscalculated and was withdrawing its $1.74 per-square-yard bid, offering instead a bid of $3.00 per square yard. See id. at 101. Lane, however, found another subcontractor, Safety Grooving & Grinding, Inc., which agreed to do the grinding work for $2.50 per square yard. Id. at 103, 270.
 
 
 3
 Lane brought a diversity action against Cardinal, alleging breach of contract and promissory estoppel, and seeking $113,361.60 in damages (the difference between Cardinal's bid and Safety Grooving's bid). The jury rendered a verdict for Lane on the promissory estoppel claim, and awarded Lane damages of $56,680.80.
 
 II.
 
 4
 The dispositive issue in this appeal is whether the jury's verdict "could have been rendered only as a sympathy or compromise verdict and could not reasonably have been rendered if the jury had found real liability on the part of the defendant." Southern Ry. Co. v. Madden, 235 F.2d 198, 204 (4th Cir.) (emphasis added), cert. denied, 352 U.S. 953 (1956); accord Spell v. McDaniel, 824 F.2d 1380, 1400 (4th Cir. 1987), cert. denied, 484 U.S. 1027 (1988).
 
 
 5
 Cardinal contends that compromise, and "[n]o other rational justification," explains the jury's award of exactly half of the amount of damages sought by Lane. Appellant's Reply Br. at 12. We disagree. The jury's award of $56,680.80 was consistent with the court's instruction that "you will have to determine the damages in this case. The plaintiff claims $113,361.60. The defendant asserts that if there is any damage that it should be less than that." J.A. at 236C. Cardinal did not object to that instruction. Indeed, the court gave the instruction to accommodate Cardinal's own argument that damages were "an open question." See id. at 236A.[1] The jury's award was also rational given the court's instruction that an element of promissory estoppel is that "an injustice can be avoided only by enforcing the promise." Id. at 231.[2] As the district court explained in denying Cardinal's motion for a new trial: "Perhaps the jury felt that the 'injustice' could be remedied by payment of only one-half of the plaintiff's loss." Id. at 297.
 
 
 6
 Cardinal also emphasizes that the jury reached its verdict ten minutes before 6 p.m., the hour at which the court had said it would allow the jurors to recess for the evening. See id. at 236C. From this timing of the verdict, Cardinal infers that the jury rushed into reaching a compromise "in order to avoid coming back the next day to further deliberate the matter." Appellant's Br. at 28. This is not a necessary inference, however, and it ignores the court's warning to the jury: "I do not mean by that that you should hurry and try to make that as a deadline. You be as leisurely as you like." J.A. at 236C. We cannot assume that the jury disregarded this instruction.[3]
 
 
 7
 Finally, Cardinal argues that the evidence presented a "close call" and "sharp dispute" as to its liability. Appellant's Br. at 11. The district court flatly disagreed with this assessment. See J.A. at 297 ("The case was not a close one.... The defendant should, in the court's view, consider itself fortunate the jury was so lenient."). Cardinal contends that Lane's reliance on the $1.74 per-square-yard bid was unreasonable given the difference between that bid and those of the other two bidders. Cardinal also stresses that Lane made no attempt to confirm the bid. A reasonable jury could easily have rejected both of these arguments. Lacking experience, Lane had little background from which to judge Cardinal's bid as necessarily mistaken. Cardinal's low bid, moreover, was not much less than its earlier "ball-park" estimate of $2.00-$2.50 per square yard. In addition, Lane's receipt of Cardinal's $1.74 per-square-yard bid on the last night before it had to submit its own VDOT bid gave Lane little opportunity to confirm the price. In such circumstances, the jury could easily have found Lane's reliance reasonable, and we cannot say that the district court abused its discretion in not ordering a new trial. See City of Richmond v. Atlantic Co., 273 F.2d 902, 916 (4th Cir. 1960) ("[T]he decision on a motion for new trial rests within the sound discretion of the trial court.... There is always a presumption in favor of the validity of a verdict if it is the result of honest judgment.").
 
 CONCLUSION
 
 8
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 Cardinal had asked the court to rephrase an earlier instruction setting the damages at $113,361.60 "if you find in favor of the plaintiff." Id. at 234, 236A. The court responded to this objection that it"was perfectly willing to leave that for the jury." Id. at 236A
 
 
 [2]
 This instruction simply repeated Cardinal's own proposed instruction. See id. at 47 (citing Dulany Foods, Inc. v. Ayers, 220 Va. 502, 515, 260 S.E.2d 196, 204 (1979); In re MBA, Inc., 51 B.R. 966, 971 (Bankr. E.D. Va. 1985))
 
 
 [3]
 Lucas v. American Mfg. Co., 630 F.2d 291 (5th Cir. 1980), on which Cardinal relies, is not to the contrary. In that case, the jury reached its verdict forty-five minutes after a warning that a hurricane was approaching