**Alice Paulette PAGAN,
Plaintiff–Appellant,**

v.

**SHONEY'S, INC., et al.,
Defendants–Appellees.**

**No. 90–3412.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1991.

---

Cameron C. Gamble, Metairie, La., for plaintiff-appellant.

Glenn B. Adams, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for defendants-appellees.

Before JOHNSON, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:

In this diversity case, plaintiff-appellant, Alice Paulette Pagan, appeals the district court's denial of her motion for a new trial in her suit against defendants-appellees, Shoney's, Inc., and Nationwide Mutual Insurance Company (collectively Shoney's). For injury resulting from a slip and fall accident on Shoney's premises, the jury found Pagan 90% comparatively negligent. It awarded her medical expenses and lost wages but not general damages. We remand for a new trial only on the issue of damages.

## I.

### FACTS AND PROCEDURAL HISTORY

After finishing her work at a bar around 3 a.m., Pagan and a friend went to a Shoney's restaurant in New Orleans for breakfast. When leaving Shoney's, Pagan stepped on a butter cup lying in the "porch area," slipped and fell. Pagan contends that because Shoney's hostess, Lori LeVeque, distracted her when LeVeque was pursuing some customers who were leaving without paying, Pagan did not see the butter cup. Pagan later received medical treatment for back and neck injuries, and a neurosurgeon operated on her.

Pagan filed suit against Shoney's in Orleans Parish Civil District Court on July 19, 1988. Shoney's removed this case to federal district court on the basis of diversity of citizenship pursuant to Section 1332 of Title 28 of the United States Code. The parties consented, pursuant to Section 636(c) of Title 28 of the United States Code, to have proceedings conducted before a magistrate judge. Trial before a six-member jury followed on April 16 and 17, 1990.

Responding to interrogatories on the verdict form, the jury reported that it found Shoney's negligent and Pagan 90% comparatively negligent. It did not award anything to Pagan for general pain and suffering. But the jury did award her medical expenses of $22,000.00 and loss of earnings of $28,000.00 which, given Pagan's comparative negligence, resulted in a net judgment of $5,000.00 for Pagan.

Pagan filed an unsuccessful Motion for New Trial alleging that the amount awarded was inadequate and that the jury had erred in finding her comparatively negligent. This appeal was timely filed.

## II.

### ISSUES

On appeal, Pagan seeks a new trial on all issues because, she argues, (1) a verdict without an award for general damages is *inconsistent* as a matter of law; (2) the verdict finding her 90% comparatively negligent is contrary to the "greater weight" of the evidence;[1] and (3) the verdict is a *compromise* verdict.

## III.

### STANDARD OF REVIEW

"A federal trial court may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate." *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir.1989) (citing *Lucas v. American Mfg. Co.*, 630 F.2d 291, 293 (5th Cir.1980)). A motion for new trial requested on such evidentiary grounds "should not be granted unless the verdict is against the great [weight], not merely the preponderance, of the evidence." *Id.* at 986 (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th Cir.1980); *Herrmann v. Nicor Marine, Inc.*, 664 F.Supp. 241, 245 (E.D.La.1985)).

---

1. Pagan states an incorrect standard; the verdict must be contrary to the "great" not the "greater" weight of the evidence. *See Narcisse v. Illinois C.G.R. Co.*, 620 F.2d 544, 546 (5th Cir.1980) (citing *Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir.1976) (quoting *Cities Service Oil Co. v. Launey*, 403 F.2d 537, 540 (5th Cir.1968))).

■ This court may overturn a denial of a motion for a new trial only upon a finding of abuse of discretion. *Id.* (citing *Franks v. Associated Air Center, Inc.,* 663 F.2d 583, 586 (5th Cir.1981); *Conway,* 610 F.2d at 362–63). The standard of review is "somewhat narrower when a new trial is denied, and somewhat broader when a new trial is granted." *Id.* (citing *Franks,* 663 F.2d at 586; *Evers v. Equifax, Inc.,* 650 F.2d 793, 796–97 (5th Cir. Unit B, 1981)); *see also United States v. An Article of Drug Consisting of 4,680 Pails,* 725 F.2d 976, 990 (5th Cir.1984) (in denying motion for new trial, district court "does not abuse its discretion—and, *a fortiori,* we may not reverse that decision—unless there is an 'absolute absence' of evidence to support the jury's verdict").

■ This being a diversity case, "state law determines the type of evidence that must be produced to support a verdict, but 'the sufficiency or insufficiency of the evidence in relation to the verdict is indisputably governed by a federal standard.'" *Jones,* 870 F.2d at 986 (quoting *McCandless v. Beech Aircraft Corp.,* 779 F.2d 220, 223 (5th Cir.1985), *vacated on other grounds,* 798 F.2d 163, 164 (5th Cir.1986)). The controlling federal standard of review is that, when all evidence is viewed in the light most favorable to the jury's verdict, we must affirm the verdict unless the evidence points "so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion]." *Id.* at 987 (citing *Whatley v. Armstrong World Industries, Inc.,* 861 F.2d 837, 839 (5th Cir. 1988) (quoting *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969))). (Brackets added in *Whatley* ).

## IV.

## DISCUSSION

### A. *Inconsistent Verdict*

■ The jury awarded Pagan damages for medical expenses and loss of earnings, but it did not assess any general damages whatsoever. In response to verdict interrogatory no. 6, the first part of which asks:

> [w]hat sum of money do you find from a preponderance of the evidence to be the total amount of the plaintiff's damages ... [for] [p]ast and future bodily injury, pain and suffering [etc.],"

the jury failed to enter any dollar amount or other response, not even "$0.00" or "none."

■ To award special damages for medical expenses and lost wages, but not for general damages—personal injury, pain and suffering, etc.—is, as a matter of Louisiana law, to err. *Marcel v. Allstate Ins. Co.,* 536 So.2d 632, 635 (La.App. 1st Cir. 1988), *cert. denied,* 539 So.2d 631 (La.1989). Failure or refusal to grant general damages to a plaintiff with objective injuries does not fall within the "much discretion" range which article 2324.1 of the Louisiana Civil Code allows the jury.[2] *Robinson v. General Motors Corp.,* 328 So.2d 751, 752 (La.App. 4th Cir.1976) (discussing La.Civ. Code Ann. art. 1934(3), now reenacted in art. 2324.1, and in other articles not relevant to this case). In a verdict upon interrogatories, a jury's "award of 'none' as damages for pain and suffering is not an exercise of discretion as to amount but [is] a refusal of an award." *Id.* at 752. Similarly, failing to write in any amount, not even $0.00, in response to an interrogatory is a refusal of an award, not an exercise of discretion. Consequently, we reverse and remand for new trial on damages only. *See Davis v. Becker & Assocs.,* 608 F.2d 621, 622 (5th Cir.1979) (because of inconsistent award in action under general maritime law and Jones Act, court reversed and remanded for new trial on damages only). In limiting the new trial to damages, however, we do not go so far as to affirm the jury's award of special damages and leave only general damages to be re-tried. To limit so narrowly the scope of the new trial would be to misunderstand the nature of an inconsistent verdict. On retrial, ques-

---

2. La.Civ.Code Ann. art. 2324.1 states:
   In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."

tions of both general and special damages should be submitted to the jury, and the jury should be instructed that if it awards no general damages, it may not award any special damages.

### B. *Comparative Negligence*

■ Citing *Williams v. Nichols*, 266 F.2d 389 (4th Cir.1959), Pagan contends that the jury's finding her 90% comparatively negligent is against the "greater weight" of the evidence, and that the court should, consequently, grant her a new trial.[3] Pagan insists that the only allegation of her negligence comes from LeVeque, Shoney's ex-hostess, who initially claimed, albeit not under oath, that Pagan was drunk when she fell.[4]

Shoney's cites as abundant evidence supporting the jury's comparative negligence verdict the following: LeVeque's testimony at trial that she had seen no objects on the ground and that Pagan had been drunk when she had attempted to walk down the "handicapped ramp"; and Shoney's manager's testimony that he had found nothing

on the ground outside the restaurant immediately after the accident, and that the lighting outside the restaurant door had been good.

■ This court has interpreted the seventh amendment to the United States Constitution as expressing the principle that "facts once found by a jury in the context of a civil trial are not to be reweighed and a new trial granted lightly."[5] *Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir.1976). That some of the evidence conflicts is not reason to grant a new trial. *Id.* (citing *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944)).

In the present case the magistrate judge properly instructed the jury concerning the witnesses' credibility.[6] The jury was entitled to draw its own conclusions about LeVeque's and Pagan's credibility. The jury was informed about LeVeque's reasons for changing her testimony. It heard evidence on both sides concerning whether LeVeque had been pursuing non-paying customers when the accident occurred. It weighed

---

**3.** See note 1 above.

**4.** Initially, LeVeque stated, in an unsworn statement, that she had not seen Pagan fall, that she had been inside the restaurant when Pagan had fallen, that Pagan had been drinking, and that Pagan had fallen on the handicap ramp. Later at her sworn deposition, LeVeque recanted her statement and testified that she had run out the door after a customer who had not paid his bill, and that when she had turned around, Pagan was on the ground and a smashed cup of butter lay nearby. Finally, at trial, LeVeque once again changed her testimony to coincide with her original testimony. She explained that at the time of her deposition, she had been upset with Shoney's and had been coached to testify as she had.

**5.** The seventh amendment to the Constitution states:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

**6.** The court instructed the jury on credibility as follows:

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing

the testimony of a witness, you should consider his or her relationship to the plaintiff or the defendant, his or her interest, if any, in the outcome of the case, his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which testimony was given, the person's candor, fairness and intelligence, and the extent to which the person has been supported or contradicted by any other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witness[es] to the contrary. Now, a witness may be discredited or impeached by contradictory evidence or by a showing that he or she testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, that [sic] it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

the conflicting testimony on the presence or absence of the butter cup. It apparently also believed that Pagan walked down a handicap ramp in high heels and that doing so may have caused her to fall. In short, there is far from an "absolute absence" of evidence to support the jury's verdict that Pagan was 90% comparatively negligent. *See An Article of Drug,* 725 F.2d at 990. Consequently, the trial court did not abuse its discretion in refusing to grant a new trial on the issues of negligence or comparative negligence. *See Valley View Cattle Co. v. Iowa Beef Processors, Inc.,* 548 F.2d 1219, 1220 n. 2 (5th Cir.), *cert. denied,* 434 U.S. 855, 98 S.Ct. 174, 54 L.Ed.2d 126 (1977).

### C. *Compromise Verdict*

The verdict was, contends Pagan, a *compromise* verdict because the jury, finding the question of liability an extremely close one, compromised by awarding inadequate damages. Pagan contends that the question of liability was closely contested because the jury foreman commented that the "question of fault was very close"; and because the jury awarded her medical but not general damages. She argues that her award was grossly inadequate because, she insists, in Louisiana $100,000 is the minimum jury award for neck and back injuries that require corrective surgery. See *Redondo v. Consolidated Freightways Corp.,* 529 So.2d 1296 (La.App. 4th Cir.), *cert. denied,* 533 So.2d 363 (La.1988). So closely interwoven were the issues of liability and damages, argues Pagan, that anything less than a new trial on all the issues would be unjust. We disagree.

A compromise verdict occurs when a jury which is unable to agree on liability compromises that disagreement and awards inadequate damages. *Lucas v. American Mfg. Co.,* 630 F.2d 291, 294 (5th Cir.1980); *Freight Terminals Inc. v. Ryder System, Inc.,* 461 F.2d 1046, 1053 (5th Cir. 1972) (citing *National Fire Ins. Co. v. Great Lakes Warehouse Corp.,* 261 F.2d 35, 37–38 (7th Cir.1958)). However, a nominal or inadequate finding of damages alone does not automatically mandate the conclusion that a compromise verdict produced the award. *See Hadra v. Herman Blum Consulting Engineers,* 632 F.2d 1242, 1246 (5th Cir.1980), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981); *Burger King Corp. v. Mason,* 710 F.2d 1480, 1487 (11th Cir.1983) (reviewing fifth circuit rulings on compromise verdicts), *cert. denied,* 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984): *see also National R.R. Passenger Corp. v. Koch Indus., Inc.,* 701 F.2d 108, 110 (10th Cir.1983) ("grossly inadequate award of damages by itself does not require retrying the liability issue").

In determining whether a compromise verdict exists, this court considers any indicia of compromise apparent from the record, *Hatfield v. Seaboard A.L.R. Co.,* 396 F.2d 721, 723–24 (5th Cir.1968), and other factors which may have caused the jury to return a verdict for inadequate damages. *See Hadra,* 632 F.2d at 1244 n. 1. In *Hatfield* the factors included whether the issues of liability were strongly contested, whether the jury was confused concerning contributory negligence, whether either party urged the trial court to accept the verdict finally rendered, and how long the jury deliberated. *Hatfield,* 396 F.2d at 723. In seeking indicia of compromise, other than inadequate award and length of jury deliberation, the eleventh circuit also examines whether the jury had requested additional instructions and whether it had attempted to qualify its award in any way, *Burger King,* 710 F.2d at 1488; and the tenth and seventh circuits look for close questions of liability. *National R.R. Passenger Corp.,* 701 F.2d at 110; *National Fire Ins. Co.,* 261 F.2d at 37. An award of only nominal damages coupled with either a disregard for uncontested and obvious damages or an award of only out-of-pocket expenses raises the suspicion of a compromise verdict. *National R.R. Passenger Corp.,* 701 F.2d at 110. No compromise exists, however, when another basis for an improper award exists. *See Hadra,* 632 F.2d 1242 (jury's failure to afford monetary relief could have resulted from improper determination that plaintiff failed to mitigate damages by accepting alternative em-

ployment); *Burger King,* 710 F.2d at 1487, 1488 (jury might have thought that further finding of "damages" would be duplicative).

■ Having applied the *Hatfield* and other factors to this case, we, like the magistrate judge, do not find that the verdict was a compromise verdict. The record does not indicate that the jury was confused, even if, as the jury foreman commented, the question of fault was a close one. The jury never questioned the magistrate judge about liability. It did not ask the court for further instructions. It reached a verdict in a few hours, a reasonable period after a two-day trial. Further, we do not attribute any particular significance to the jury foreman's remark, which may have been a palliative for the plaintiff.

Moreover, another basis for the jury's improper award exists. Given both the minimal negligence that the jury attributed to Shoney's and the jury's award of medical expenses, the jury may have believed that general damages would have been duplicative. For instance, the first item in the first part of Interrogatory 6 asks how much the jury finds to be the amount of damages for "Past and future bodily injury." The jury might have considered that this element of damages duplicated medical expenses. The jury's complete failure to answer the interrogatory about general damages rather than answering with "$0.00" or "none" further strengthens this position.

Because the "totality of circumstances" indicates that the liability issue is separable from the error in the damage award, we reject Pagan's argument that we authorize a plenary new trial. *See Burger King,* 710 F.2d at 1487 (citing *Williams v. Slade,* 431 F.2d 605, 609 (5th Cir.1970)). Because the jury's findings on liability were not compromised, but were based on sufficient evidence and made in accordance with law, a new trial on the issue of damages alone is proper. *Hadra,* 632 F.2d at 1246.

## V.

## CONCLUSION

When the jury awarded Pagan special damages but not general damages, it reached an inconsistent verdict, which requires that we remand for a new trial on the issue of damages. We reject Pagan's contention that the trial court abused its discretion in refusing to grant a new trial on the issue of comparative negligence. Because evidence is not absolutely absent to support the jury's finding that Pagan was 90% comparatively negligent, we cannot say that the trial court abused its discretion. Finally, having considered the totality of the circumstances, we conclude that the verdict was not a compromise verdict. Consequently, we AFFIRM the decision of the trial court on all issues but that of damages, on which issue we REVERSE and REMAND for a new trial.