# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

m 98-31400
Summary Calendar

—————————

## ROBERT SCHOEMER and GAIL SCHOEMER,

Plaintiffs-Appellants,

VERSUS

## MICHAEL W. GILL; SAMMY J. KISER; KISER INC; and HARCO NATIONAL INSURANCE CO,

Defendants-Appellees,

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Intervenor Plaintiff-Appellee.

—————————

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-203)

—————————

November 18, 1999

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Following a jury trial in this diversity tort case, the district court denied plaintiffs' motion for new trial. We affirm.

### I.

This action arises from a minor traffic accident in which defendant Michael Gill backed his tractor-trailer rig into plaintiff Gail Schoemer's vehicle. A jury found that Gill's negligence was a proximate cause of damages sustained by Schoemer and awarded $2,000 for pain and suffering, nothing for permanent disability, nothing for past lost wages, $8,000 for past medical expenses, and $15,000 for future medical expenses. The jury further found that Gill's negligence was not a cause of the loss of consortium damages claimed by Robert Schoemer. Judgment was entered, and plaintiffs filed a motion for new trial pursuant to FED. R. CIV. P. 59. The court denied the motion, and we affirm.

### II.

A district court has sound discretion to grant or deny new trial motions. Therefore, we affirm a denial unless the plaintiff makes "a clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Whitehead v. Food Max, Inc.*, 163 F.3d 265,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

269 (5th Cir. 1998) (internal quotation marks omitted).

### III.

The plaintiffs fail to make a clear showing of an absolute absence of evidence to support the verdict. Their claims of injury, and the extent thereof, were disputed at trial, and the jury was entitled to accept certain evidence presented by the plaintiffs and certain evidence presented by the defense. The court's ruling adequately articulates the significant evidence supporting the verdict.

Plaintiffs cite *Pagan v. Shoney's, Inc.*, 931 F.2d 334 (5th Cir. 1991), for the proposition that the jury erred as a matter of law in awarding only $2,000 for past pain and suffering when it awarded future medical expenses of $15,000. *Pagan* holds only that as a matter of Louisiana law it is error to award special damages for medical expenses and lost wages without awarding general damages. *See id.* at 337.

That situation is not present here. *Pagan* does not hold that it is error to award future medical expenses without awarding damages for permanent disability; common sense dictates that one might require future medical treatment, but that that very treatment may enable one to perform fully without any disability. Likewise, the patient may suffer no further pain if the medical treatment is properly administered. Plaintiffs' objections to the verdict as to loss of consortium are likewise without merit.

AFFIRMED.