# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-31213

---

JAMES COUTEE, et. al.,

Plaintiffs,

JAMES COUTEE,

Plaintiffs-Appellees-Cross-Appellant,

versus

WAL-MART STORES, INC. et al.,

Defendants,

WAL-MART STORES, INC.,

Defendant-Appellant-Cross-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1640)

---

June 29, 2000

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case involves a personal injury suit for injuries sustained by James Coutee ("Coutee") during a slip and fall incident at a Wal-Mart store. The defendant appeals the district court's denial of its motion for a new trial on liability. Coutee claims that the jury awarded insufficient damages. For reasons assigned below, we affirm the district court's denial of the defendant's motion for new trial on liability, and deny Coutee's request for a new trial on damages.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL HISTORY

This case involves a slip and fall incident at a Wal-Mart store. Coutee was shopping in a Wal-Mart Super Center in Natchitoches, Louisiana when he slipped and fell. The parties do not dispute that Coutee slipped on at least one grape that was on the floor. However, the parties dispute how many grapes were present on the floor and the condition of the grapes when Coutee fell. Coutee contends that several grapes on a stem caused his fall and that the grapes were brown and rotten looking. Wal-Mart contends that only one grape was on the floor when Coutee fell and that the grape was green, and thus not rotten. Coutee also claims that when he placed his hands on the floor to get up, dirt and grit was on his hands, thus indicating that it had been some time since that area of the floor was swept. While Coutee was on the floor, a store manager approached Coutee and assisted him. The manager instructed Coutee to follow him to the front of the store to obtain information regarding the incident. Wal-Mart personnel took pictures of the accident scene approximately fifteen minutes after the incident.

Coutee filed a personal injury action in Louisiana state district court against Wal-Mart. Wal-Mart removed the action to federal district court based on diversity jurisdiction. Wal-Mart filed a third party action against Bingham Enterprises of Louisiana ("Bingham") and Wausau Insurance Company ("Wausau"). Bingham was contracted by Wal-Mart to perform floor maintenance activities, and Wausau was Bingham's insurer. Coutee amended his complaint to include Wausau. Wausau and Bingham filed a motion for summary judgment which was granted. Wal-Mart and Coutee timely filed notices to appeal the grant of summary judgment. Subsequently, the third party action was severed, and the main action proceeded to jury trial. At the close of Coutee's case, Wal-Mart moved for a judgment as a matter of law ("JMOL"), which the court denied. Wal-Mart called witnesses and presented evidence. The jury found that Wal-Mart was liable and did not find that Coutee was contributorily liable. The jury also found that the accident did not cause Linda Coutee loss of consortium. The jury awarded the following:

Past and present medical expenses          $23,795.66

| Past lost wages and/or lost earning potential | $28,900.00 |
| Past physical and mental pain, suffering and/or disability | $0 |
| Future medical expenses | $15,000.00 |
| Future lost wages and/or loss of earning capacity | $75,000.00 |
| Future physical and mental pain, suffering and/or disability | $0 |

Wal-Mart renewed its motion for a JMOL and moved for a new trial on liability. Regarding the JMOL, the district court found that Wal-Mart failed to renew its motion timely at the close of all evidence. As such, the district court ruled that Wal-Mart's failure to move timely for a JMOL constituted a waiver. The district court also ruled that Coutee presented sufficient evidence to prove that Wal-Mart had constructive notice of the grapes. Thus, the district court denied Wal-Mart's joint motion for JMOL and a new trial. Coutee did not move for a new trial on damages.

## DISCUSSION

### I.    New Trial on Liability

Wal-Mart claims that the district court abused its discretion when it denied its motion for a new trial. Specifically, Wal-Mart argues that Coutee presented insufficient evidence to prove that it had "constructive notice" of the grapes on the floor that caused Coutee's slip and fall. Wal-Mart also argues that the jury rendered a compromise verdict because the jury awarded special damages, but failed to award damages for pain and suffering.

Coutee, on the other hand, contends that he presented sufficient evidence to prove that Wal-Mart had constructive notice of the grapes. Specifically, he asserts that because the grapes had a rotten and brownish appearance and that sand and grit were present on the floor when he fell, a

3

reasonable jury could have inferred that the floor had not been swept or attended to for some period of time before the fall. Additionally, Coutee maintains that the jury did not render a compromise verdict.

A.    Standard of Review

The standard for a district court to grant a new trial is whether the verdict is against the great weight of the evidence. Whitehead v. Food Max of Mississippi, 163 F.3d 265, 270, n.2 (5th Cir. 1998). We review a district court's denial of a motion for a new trial for abuse of discretion. See Esposito v. Davis, 47 F.3d 164, 167 (5th Cir. 1995). There is no abuse of discretion in denying a motion for a new trial unless there is complete absence of evidence to support the verdict. Id. (citation omitted).

B.    Constructive Knowledge

In the present case, the parties do not dispute the cause of Coutee's accident, i.e., grapes. Coutee does not argue, nor does Wal-Mart concede on appeal that Wal-Mart had actual notice of the grapes on the floor prior to Coutee's slip and fall. Thus, the issue before us is whether Coutee presented sufficient evidence to prove that Wal-Mart had constructive notice of the grapes.

Because this case comes to us under our diversity jurisdiction, we are bound to apply Louisiana substantive law regarding the core elements of the cause of action, but the sufficiency or insufficiency of the evidence in relation to the verdict is "indisputably governed by a federal standard." See Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989). Under LA. REV. STAT. ANN. § 9:2800.6, when a plaintiff claims negligence due to a fall caused by a condition on a merchant's premises, the plaintiff must show that:

(1) the condition presented an unreasonable risk of harm to the claimants and that risk of harm was reasonably foreseeable;
(2) the merchant either created or had actual or *constructive notice* of the condition that caused the damage, prior to the occurrence; and
(3) the merchant failed to exercise reasonable care.

4

(emphasis added). Constructive notice is defined as "the condition [that] existed for such a period of time for it would have been discovered if the merchant had exercised reasonable care." LA.REV. STAT. ANN. § 9:2800.6(C). Under this definition, the plaintiff must establish that the condition existed for a period of time *prior* to the accident. Whether the condition existed for some period of time sufficiently lengthy for a reasonable merchant to discover the condition is a fact question. White v. Wal-Mart Stores, 699 So.2d 1081, 1084 (La. 1997). The time period need not be in "specific minutes or hours." Id.

Wal-Mart contends that Coutee did not show constructive notice at trial because he failed to present direct evidence as to how long the grapes were present on the floor before the incident. However under Louisiana law, a plaintiff is not required to produce direct evidence in order to meet the temporal requirement of constructive notice. A plaintiff may show constructive notice by circumstantial evidence. See Broussard v. Wal-Mart Stores, Inc., 741 So.2d 65, 70 (La. App. 3 Cir. 1999)(spill pattern of liquid on the floor was circumstantial evidence of temporal element of constructive notice); Lacy v. ABC Insurance Co., 712 So.2d 189, 191 (La. App. 4 Cir. 1998) (dirty condition of floor and discoloration of banana peel permitted a reasonable inference that the banana peel was on the floor for a sufficiently lengthy period of time before the accident); see also Crawford v. Ryan's Family Steak Houses, Inc., 741 So.2d 96, 102 (La. App. 2 Cir. 1999) (White's requirement that the plaintiff put forth "positive evidence" to show constructive notice does not supersede the general rule of evidence allowing for circumstantial evidence to prove a material fact).

In the instant case, Coutee testified that there were several grapes on the floor when he fell, and that the grapes had a brownish and rotten appearance. Coutee also testified that there was dirt and grit on the floor when he fell. Furthermore, Coutee points to testimony from a Wal-Mart manager which indicates that there were skid marks on the floor when he approached Coutee. Coutee maintains that the skid marks show that the grapes were walked through by other persons before Coutee's fall, thus supporting an inference that the grapes were on the floor for a sufficient period of time before the fall to constitute constructive notice. Under our limited review of a trial

5

court's denial of a motion for a new trial, we find that Wal-Mart fails to show that the trial record is devoid of <u>any</u> evidence to permit the jury to reasonably infer that a dangerous condition existed on the floor for period of time "sufficiently lengthy that a merchant should have discovered the condition." <u>See</u> <u>Lacy</u>, 712 So.2d at 191.

Although Wal-Mart contends that it adduced evidence at trial that contradicted Coutee's claims regarding the number and condition of the grapes on the floor, and the skid marks on the floor, the fact that conflicting testimony was presented is not enough to warrant the grant of a new trial. <u>See</u> <u>Dawson v. Wal-Mart Stores</u>, 978 F.2d 205, 209 (5th Cir. 1993). Issues of credibility are left within the sound discretion of the fact finder. Thus, a trial court does not abuse its discretion in accepting a jury's evaluations regarding credibility. <u>See</u> <u>Polanco v. City of Austin, Texas.</u>, 76 F.3d 968, 980-981 (5th Cir. 1996). It is apparent from the verdict that the jury chose to believe Coutee's version of events, and not Wal-Mart's. As such, Wal-Mart fails to show that the jury's finding of constructive notice is devoid of evidentiary support.

### C. Compromise Verdict

Wal-Mart additionally claims that a new trial is warranted on liability because the jury rendered a compromise verdict. A compromise verdict occurs when a jury which is unable to agree on liability, compromises that disagreement and awards inadequate damages. <u>Pagan v. Shoney's</u>, 931 F.2d 334, 339 (5th Cir. 1991) (citations omitted). Nominal or inadequate damages alone do not automatically warrant a conclusion that a compromise verdict was rendered. <u>See</u> <u>id.</u>, (citing <u>Hadra v. Herman Blum Consulting Engineers</u>, 632 F.2d 1242, 1246 (5th Cir. 1980), <u>cert. denied</u>, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981)). "If the record indicates that a liability verdict stemmed from a compromise on damages, the complaining party is entitled to a new trial, for considerations of damages should not taint the initial question of the defendant's fault." <u>Yarbrough v. Sturm, Ruger & Co.</u>, 964 F.2d 376, 378 (5th Cir. 1992). In <u>Pagan</u>, we provided the following factors to address whether a jury rendered a compromised verdict:

> (1) whether the issues of liability were strongly contested;
> (2) whether the jury was confused on contributory negligence;

(3) whether the trial court urged the jury to accept the verdict finally tendered; and
(4) how long the jury deliberated.

See Pagan, 931 F.2d at 339. Pagan noted that several circuits look also to whether the jury requested instructions and whether the jury had attempted to qualify its award in anyway. See id. (discussing National R.R. Passenger Corp. v. Koch Indus., Inc;, 701 F.2d 108, 110 (10th Cir. 1983) and National Fire Ins. Co. v. Great Lakes Warehouse Corp., 261 F.2d 35, 37 (7th Cir. 1958)). No compromise exists however when another basis for the improper award is present. See Pagan, 931 F.2d at 339. Application of these factors do not fit into a mathematical formula. Thus, the facts of each case will dictate the impact and the weight of each factor. Furthermore, the presence or absence of a factor is not dispositive.

First, a review of the trial transcript reveals that both parties aggressively contested liability. While the parties agreed that a grape or grapes were the cause of the accident, nonetheless, the transcript reveals that both parties vigorously contested the issue of whether constructive notice of the grapes could be attributed to Wal-Mart. "Although not determinative, such a fact indicates that the jury's ostensible difficulty in finding a satisfactory damage award was compromised by continuing disputes over liability." See Yarbrough, 964 F.2d at 379.

Second, however, Wal-Mart does not show that the jury was confused on contributory negligence. Although Wal-Mart points out that on the verdict form the jury initially attributed a percentage of fault to Bingham but voided it out, the jury form unequivocally shows that the jury answered "Yes" to whether Wal-Mart had constructive knowledge and had failed to exercise reasonable care, and "No" to whether it believed that Coutee caused or contributed to his own accident. Furthermore, Wal-Mart's argument that the jury was confused on liability based on Coutee's alleged failure to present evidence to show constructive notice is of no moment because, as established above, there was sufficient evidence to support the jury's finding of constructive notice.

Third, Wal-Mart contends that the length of the deliberations (three and a half hours) in conjunction with the jury's question to the court regarding Coutee's private insurance demonstrates

7

that the jury rendered a compromise verdict. However, the jury's question regarding whether a collateral source was available to compensate Coutee for his injuries does not indicate that the jury compromised on liability. Furthermore, three and a half hours of deliberations for a two-day trial does not raise a red flag. The trial transcript does not show that the issue of liability involved a "battle of experts" or was driven by complex and voluminous documentary evidence, which would have arguably warranted longer deliberations.

Finally, although the trial transcript does not conclusively establish the absence or existence of other factors that <u>Pagan</u> and its progeny have identified, nevertheless, we find that based on the factors examined above, Wal-Mart does not demonstrate that the district court abused its discretion when it ruled that the jury did not render a compromise verdict and denied Wal-Mart's motion for a new trial.

II.     Inconsistent damages

Coutee raises an issue regarding the jury's failure to award general damages. Specifically, Coutee contends that the jury erred when it awarded special damages for past and future medical expenses and lost wages, but failed to award general damages for past and future pain and suffering. Coutee did not move for a new trial on damages below.

Generally, a party's failure to raise the issue of inadequate damages in a motion for new trial below constitutes a waiver, and thus is not reviewable on appeal. <u>See</u> <u>Bueno v. City of Donna</u>, 714 F.2d 484, 493 (5th Cir. 1983) (citing <u>Baker v. Dillon</u>, 389 F.2d 57 (5th Cir. 1968)); <u>Carlton v. H.C. Price Company</u>, 640 F.2d 573, 576 (5th Cir.1981)(same). The purpose for presenting a motion for new trial on the excessiveness or inadequacy of damages is to initially give the trial court the

8

opportunity to correct errors made at trial. Furthermore, the trial court's ruling on the motion creates a full record for review on appeal.

Although a party may overcome this presumption against review by demonstrating that exceptional circumstances, i.e., plain error, exist, see Bueno, 714 F.2d at 493 (citing D.H. Overmyer Co. v. Loflin, 440 F.2d 1213, 1215 (5th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971)), Coutee does not make this showing.

CONCLUSION

We AFFIRM the district court's denial of the defendant's motion for a new trial on liability. Coutee's request for a new trial on damages is DENIED.