IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30941
Summary Calendar
_____

ADESINA SHENO OYEFODUN,

                                        Plaintiff-Appellant,

versus

THE CITY OF NEW ORLEANS; ET AL.,

                                        Defendants,

THE CITY OF NEW ORLEANS; WILLIAM LABICHE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3283-R
--------------------
December 2, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Adesina Sheno Oyefodun appeals the denial of his motion for
judgment as a matter of law and his motion for a new trial.  A
jury determined that Officer William Labiche used excessive force
on Oyefodun following a traffic stop and awarded $396.00 in
compensatory damages on Oyefodun's claim under 42 U.S.C. § 1983.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The jury rendered verdicts in favor of Officer Labiche and the City of New Orleans on Oyefodune's state law claims for assault, battery, false arrest, and intentional infliction of emotional distress.

Oyefodun first argues that the jury verdict on the excessive force claim is irreconcilably inconsistent with the verdicts on his state law assault and battery claims. His argument as to the assault claim is inadequately briefed and thus is considered abandoned. See Dardar v. Lafourche Realty Co., Inc., 985 F.2d 824, 831 (5th Cir. 1993). As the jury instructions conveyed that there is an intent requirement in a Louisiana battery claim that is not present in an excessive force claim under the Fourth Amendment, Oyefodun has failed to meet his burden to show that the jury verdicts on excessive force and on battery are "irreconcilably inconsistent." See Ellis v. Weasler Engineering, Inc., 258 F.3d 326, 343 (5th Cir.), amended on other grounds, 274 F.3d 881 (5th Cir. 2001); Graham v. Connor, 490 U.S. 386, 395 (1989).

Oyefodun next argues that the great weight of the evidence shows that he suffered at least an aggravation of a pre-existing condition due to the actions of Officer Labiche. He seeks a new trial. This court will affirm the denial of a new trial unless the movant makes a "clear showing" of an "'absolute absence of evidence to support the jury's verdict,' thus indicating that the district court abused its discretion in refusing to find the

jury's verdict 'contrary to the great weight of the evidence.'" Whitehead v. Food Max, Inc., 163 F.3d 265, 269 (5th Cir. 1998) (citations omitted). Oyefodun has not made the required showing of an absolute absence of evidence to support the jury's verdict. See id. He has not shown an entitlement to the requested relief.

Oyefodun also contends that the jury's failure to award general damages after awarding special damages associated with physical injuries is contrary to law under Pagan v. Shoney's, Inc., 931 F.2d 334 (5th Cir. 1991). It is doubtful that Pagan, a case decided under Louisiana law, is viable in light of Wainwright v. Fontenot, 774 So. 2d 70, 76 (La. 2000). In any event, as discussed above, the jury did not find liability as to any of Oyefodun's state law claims, and Oyefodun has not shown that the holding of Pagan governs the award of damages on his excessive force claim under 42 U.S.C. § 1983.

Nor has Oyefodun shown that the jury's verdict was the product of compromise. Because the jury could have resolved disputed issues of fact regarding the extent of Oyefodun's injuries in favor of the defendant, the instant case is readily distinguishable from Hatfield v. Seaboard Air Line R.R. Co., 396 F.2d 721, 724 (5th Cir. 1968), on which Oyefodun relies.

The judgment of the district court is AFFIRMED.