# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-30013
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 21, 2014

Lyle W. Cayce
Clerk

————

CORDETTE MATHENY,

　　　　Plaintiff

v.

JOSE DELVALLE CHAVEZ; ET AL,

　　　　Defendants

------------------------------------------------------------------------------------------

GRANDER WILLIAMS, JR.,

　　　　Plaintiff - Appellant

v.

TWIN TRANSFER CORPORATION; CANAL INSURANCE COMPANY;
JOSE DEL VALLE CHAVEZ,

　　　　Defendants - Appellees

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-280
USDC No. 2:12-CV-472

————

Before PRADO, OWEN, and GRAVES, Circuit Judges.

No. 14-30013

PER CURIAM:*

In this diversity action arising out of an automobile collision in Louisiana, Plaintiff-Appellant Grander Williams, Jr. appeals the district court's denial of his motion to amend the judgment or, in the alternative, for a new trial against Defendants-Appellees Twin Transfer Corporation, Canal Insurance Company, and Jose Del Valle Chavez (collectively "Defendants"). For the following reasons, we reverse the decision of the district court and remand the case for a new trial on damages.

## FACTS AND PROCEDURAL HISTORY

On March 2, 2011, Williams was injured in a vehicular collision when a tractor-trailer driven by Chavez collided with a truck in which Williams was a passenger. Williams, who was a member of a tandem truck driving operation, was between shifts and asleep at the time of the collision. Williams testified that he awoke dazed and covered in blood and believed that he had been knocked unconscious. He was transported by ambulance from the scene of the collision to a nearby hospital in New Orleans for medical treatment. A CT scan taken at the hospital revealed a nasal fracture.

Williams felt pain in his neck and face directly after the accident. As a result of his injuries, Williams was out of work for four months and received nine weeks of therapy. He was subsequently seen by a doctor that was retained by his employer, who released Williams to return to work with light duty restrictions.

Williams testified that he experienced substantial pain in his back and neck after returning to work, which interfered with his ability to drive a truck.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30013

As a result, Williams sought further medical treatment from an orthopedic surgeon, Dr. Roman Childress. Dr. Childress performed a number of surgical procedures over a period of months in an effort to manage Williams' symptoms. Williams' pain, however, became so extreme that he was unable to continue driving and was ultimately forced to end his employment.

One of Defendants' main arguments at trial was that Williams' post-collision symptoms were attributable to injuries he sustained prior to the incident. In 2006, Williams sustained a lumbar spine injury, which resulted in a herniated disc. In addition, Williams suffered from a degenerative cervical spine condition called spondylosis, which also predated the 2011 incident. When Defendants cross-examined Dr. Childress about these conditions, he conceded that Williams' symptoms could be attributed to these preexisting conditions. He testified, however, that based on his review of the medical evidence it was his opinion that Williams' preexisting injuries had been aggravated by the collision, resulting in the worsening of his symptoms and his eventual inability to drive a truck.

The jury returned a verdict finding that Williams was injured as a result of the 2011 collision and that Defendants were 100% at fault. It awarded Williams $84,872 in damages consisting of $31,398 for past medical expenses and $53,474 for past lost wages. The jury, however, did not award any amount in damages for past, present, and future pain and suffering or for future lost wages.[1]

---

[1] In response to a series of special interrogatories, the jury provided, in relevant part:

**Question No. 3**
Do you find by a preponderance of the evidence that plaintiff, Grander Williams, Jr. was injured as a result of the tractor-trailer crash on or about March 2, 2011?

Answer "Yes" or "No."
Yes

3

No. 14-30013

After the jury returned its verdict, Williams filed a motion under Rule 59 of the Federal Rules of Civil Procedure seeking to amend the judgment, or in the alternative, a new trial limited to the issue of damages. In his motion, Williams argued that the jury's verdict was inconsistent as a matter of Louisiana state law because it was illogical for the jury to award him special damages for past medical expenses and past lost wages but fail to award any general damages for pain and suffering. Williams also argued that the jury's

---

\*\*\*

**Question No. 4**
What percentage of fault do you attribute to each party for causing Plaintiff's injuries? (If you found no fault on behalf of a party, the percentage of fault for that party must be 0%. The total must equal 100%.)

| | |
|---|---|
| Plaintiff and/or Matheny | 0% |
| Defendants | 100% |

\*\*\*

**Question No. 5**
What amount, if any, do you award to Grander Williams, Jr. related to the accident which occurred on or about March 2, 2011? (DO NOT REDUCE FOR COMPARATIVE FAULT PERCENTAGES FOUND AT QUESTION 4)

| | |
|---|---|
| Physical and/or Mental pain and suffering past, present, and future (including loss of enjoyment of life if any) | – 0 – |
| Past medical expenses | $31,398.00 |
| Future medical expenses | – 0 – |
| Loss of Past Wages | $53,474.00 |
| Loss of Future Wages (including loss of future earning capacity, physical impairment and disability, if any) | – 0 – |

4

No. 14-30013

failure to award Williams a larger sum in past lost wages and any sum in future medical expenses was contrary to the evidence adduced at trial. The district court denied Williams' motion in its entirety. This appeal followed.

## DISCUSSION

Williams presses two issues on appeal. First, Williams argues that the district court erred in failing to grant his motion to amend the judgment to award additional damages for "permanent injury, pain and suffering, past wage loss, future wage loss, and future medical expenses." This contention, may be readily dismissed.

It is well established that "the Seventh Amendment prohibits a federal court from using additur to increase the damages awarded by the jury." *Jones v. Bratton*, 39 F.3d 320 (5th Cir. 1994) (per curiam); *see also Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 433 (1996); *Dimick v. Schiedt*, 293 U.S. 474, 486-88 (1935); *LeJeune v. Patrick*, 149 F.3d 1174 (1998) (per curiam); *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976). Courts have recognized a limited exception to this prohibition, "where the jury has properly determined liability and there is no valid dispute as to the amount of damages," however, that exception applies only where the amount of damages has been conclusively established as a matter of law. *See Roman Western Mfg., Inc.*, 691 F.3d 686, 702 (5th Cir. 2012). That exception does not apply in this case.

The damages Williams sought were dependent upon the jury's evaluation of the nature of his injuries directly after the collision and the extent to which his post-collision symptoms were attributable to his past conditions. Contrary to Williams' contention, Defendants clearly disputed this issue through vigorous cross-examination and the submission of contrary evidence. As a result, the jury's determination as to the quantum of damages was a finding of fact based on its evaluation of the conflicting evidence adduced at trial. Accordingly, Williams' motion for additur was properly denied.

5

Williams' next argument regarding the district court's denial of his motion for a new trial on damages, however, is more persuasive. Williams argues that the district court erred in denying his motion because the jury's determination that Defendants were 100% at fault for causing his injuries and its award of damages for past medical expenses and past lost wages is inconsistent with its failure to award damages for past and future pain and suffering, future medical expenses, and future lost wages.

In a diversity action in which Louisiana law applies, a motion for a new trial based on an excessive or inadequate jury award is governed by Louisiana state law. *See Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012) (citing *Gasperini*, 518 U.S. at 419). Under the Louisiana Civil Code, a party is entitled to a new trial "when the verdict or judgment appears clearly contrary to the law and the evidence." *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84, 92 (La. 2000) (citing La. Civ. Code. art. 1972). In construing such a motion "Louisiana gives the jury high deference." *Fair*, 669 F.3d at 605. This is because "[a] motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light." *Davis*, 774 So.2d at 93 (internal quotations and italics omitted). "[T]he jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence." *Id.*

Nevertheless, "Louisiana jurisprudence has long held that where there is a factual finding that a plaintiff was injured and incurred medical expenses as a result of another's fault, the failure to award general damages [for pain and suffering] is legal error." *Leighow v. Crump*, 960 So.2d 122, 128 (La. App. 1 Cir. 2007); *see also Green v. K-Mart Corp.*, 874 So.2d 838, 844 (La. 2004); *Clement v. Citron*, 115 So.3d 1260, 1264-65 (La. App. 3 Cir. 2013); *Parker v. Robinson*, 925 So.2d 646, 652 (La. App. 4 Cir. 2006); *Harper v. Boudreaux*, 496 So.2d 439, 440-41 (La. App. 1 Cir. 1986). Thus, "a jury verdict awarding

medical expenses but simultaneously denying damages for pain and suffering will most often be inconsistent in light of the record." *Wainwright v. Fontenot*, 774 So.2d 70, 75 (La. 2000); *see also Green*, 874 So.2d at 844. A jury's "[f]ailure . . . to grant general damages to a plaintiff with objective injuries" is an abuse of discretion that justifies a new trial on damages. *See Pagan v. Shoney's Inc.*, 931 F.2d 334, 337 (5th Cir. 1991); *see also Green*, 874 So.2d at 844 (distinguishing between a circumstance where a jury could have found that "medical expenses were incurred only to determine whether injuries were, in fact, sustained," and a circumstance where a "jury determined that plaintiff suffered injuries causally related to the accident which required medical attention.").

Defendants argue that the jury's verdict can be justified by the fact that Williams' credibility was severely undermined at trial through cross-examination about his past injuries. Whatever force Defendants' argument about these preexisting injuries may have had, the jury's verdict demonstrates that the issue was resolved against them. In response to a series of special interrogatories, the jury specifically determined that Williams "was injured as a result of [the] tractor-trailer crash" and that Defendants were 100% percent at fault "for causing [these] injuries." It then awarded Williams approximately $30,000 for past medical expenses incurred as a result of the collision and $53,000 for past lost wages. Thus, even if Defendants are correct that the jury believed that Williams post-collision neck and back symptoms were attributable to Williams' preexisting injuries, it nevertheless determined that the collision resulted in an objective injury that necessitated medical care and time off from work. Under Louisiana law, the failure to award damages for past pain and suffering in this circumstance constitutes an abuse of discretion. *See Robinson v. General Motors Corp.*, 328 So.2d 751, 752 (La. App. 4 Cir. 1976) ("If a jury deems missing work or incurring certain medical expenses

unjustified, it may disallow those items, but it may not refuse general damages to plaintiffs with objective injuries."). Accordingly, the district court erred in failing to grant Williams' motion for a new trial on damages and we reverse on that basis. We therefore need not reach Williams' remaining arguments regarding the jury's failure to award damages for future pain and suffering, future medical expenses, and future lost wages. *See Pagan*, 931 F.2d at 337-38.

## CONCLUSION

We REVERSE the district court's decision and REMAND for a new trial on damages.